Bosworth, J.
If either motion is granted, the other must necessarily be denied. The plaintiff cannot be required to file security for costs if permitted to prosecute m fornA pauperis ; nor be permitted so to prosecute if required to file such security.
The papers on which each motion is based contain enough, primd facie, to entitle the applicant to - the- order sought. Still I think both should be denied. The defendant was dilatory in moving for security for costs. The action was commenced early in May, 1852, and the first order was obtained on the 18th of ¡November following. The infancy of the plaintiff was known when the action was commenced. Before moving for security, the action had been referred, on the defendant’s motion, and the plaintiff had noticed it for hearing.
It is not imperative on the court to grant the order under all circumstances. (Robison v. Sinclair, 1 Denio, 629.)
It is not necessary for the protection of the defendant. The attorney for the infant is liable for costs to the amount of $100, and no question is made as to the responsibility of the guardian, who is undoubtedly liable, whether the attorney is or not (2 R. S. 621, §§ 7 and 8. Code, 316.)
Unless there are proper grounds for denying the plaintiff’s motion, that of the defendant must necessarily be denied.
I do not understand that the statute imperatively requires permission to be granted to an infant plaintiff, in all cases, to prosecute informdpcmperis, merely because his property does not exceed in value the sum of $20, exclusive of the subject matter in controversy, though it appears he has a good cause of action. Graham, Pr. 915, 916.
The action has been pending over a year. The attorney voluntarily assumed such liability as to costs, as arises from his becoming the plaintiff’s attorney. The guardian, in order to be appointed, was required to satisfy the court that he was able to respond to the defendant for his costs of the potion, and he voluntarily assumed that position with its liabilities. ¡Nothing is pretended to have occurred to justify the court in absolving *707 him from .such liability. The pecuniary condition of the infant, for aught that is shown, is the same as when the action was commenced. The infant, and not the guardian, applies for permission to the plaintiff to prosecute as a poor person. There has been precisely the same delay in making this motion, as that made by the defendant.
I think justice to both parties requires the denial of both. motions, and that there is nothing so peremptory in the statute as to prevent this result.
Both motions are denied without costs of either to either party.'
Approved on consultation.