J. F. Daly, J.
Upon the motion of defendant that plaintiff be required to file security for costs, I am of opinion that it is not imperatively required by the statute, that such order to file security, should be made under all circumstances (Robinson v. Sinclair, 1 Den., 629; Florence v. Bulkley, 1 Duer, 705), and that where security to pay all costs that may be awarded to defendants, in case they recover judgment, is already filed, the bond provided for by statute (2 Rev. Stat., 620), should not be required.
The plaintiff has already filed two undertakings to that effect. Both of them, however, were given upon applying for a warrant of attachment, and have been filed in this action.
One was for two hundred and fifty dollars, and when presented to the learned judge granting the attachment he required further security.
Another undertaking was then presented for one thousand dollars, with which he was satisfied. I am disposed to regard the latter as superseding the former undertaking; if so it is not probable that the defendant could recover upon the former in any event. And I consider the one thousand dollar undertaking as applicable to the costs and damages of defendant under the attachment only, yielding to the views of Chief Justice Dam in that regard.
I think, therefore, a bond under the statute should be filed if the plaintiff be a non-resident.
This fact is not satisfactorily settled by the affidavit read on the motion. A reference may be had to ascertain the fact if the defendant insists upon it, the costs *447 of the reference to be paid by them if the referee reports, and the court is satisfied • that plaintiff is not a non-resident.
An order may be settled on two days’ notice.