NANNY ALEXANDER, Plaintiff, *against* JOSEPH MEYERS
AND SOLOMON MARCUS, Defendants.

[SPECIAL TERM.]

(Decided August 23d, 1878.)

Whether or not a plaintiff should be allowed to prosecute *in forma pauperis* is
discretionary with the court.

Leave to so prosecute will be denied where the action is upon a tort committed in
another State, of which both plaintiff and defendant are residents, and there is
unreasonable delay in presenting the application.

MOTION for leave to prosecute *in forma pauperis*, and to
vacate an order requiring plaintiff to file security for costs
or to show cause, &c., and staying plaintiff's proceedings.

The facts appear in the opinion.

*David Levy*, for the motion.

*Armstrong & Briggs*, opposed.

JOSEPH F. DALY, J.—Defendant having procured an
order requiring plaintiff to show cause why she should not
file security for costs, being a non-resident of this State, she
now makes a counter-application to be allowed to sue *in
forma pauperis* (Code, sec. 458, &c.).

The prayer of plaintiff's petition should be denied for
the reasons :—

First : The cause of action is for wrongful conversion of
plaintiff's goods at Augusta, Georgia, in the year 1875, in

which place both defendants and plaintiff reside ; the action was commenced in 1877 in this city. I deem it contrary to the policy of the law to encourage, by such an order as is here asked for, the bringing of actions in this State for torts committed in another State, where plaintiff and defendants are residents of such other State, and were so when the wrong complained of was committed. It has been doubted whether such an order can be made in favor of a non-resident plaintiff (*Thomas* v. *Wilson,* 6 Hill, 257.—Per BRONSON, J.). If a person complaining of an injury inflicted in the country where such person and the wrong-doer then and still reside choose to prosecute in a foreign tribunal, it should be under the usual liability for costs.

Second : The action was commenced in September, 1877 ; issue has been joined, and the application should be denied on the ground of delay in making it, under the decision in *Florence* v. *Bulkley* (1 Duer, 705.—BOSWORTH, J.). It is discretionary with the court, in all cases, to make an order allowing a party to sue *in forma pauperis* (Graham's Pr. 916).

Application denied, with $10 costs.