## HECKMAN v. MACKEY.

*(Circuit Court, S. D. New York. October 11, 1887)*

1. COSTS—LEAVE TO SUE AS POOR PERSON—IN FEDERAL COURTS.
   A non-resident, claiming to have a cause of action for damages for personal injuries resulting from an accident happening in New York state, and caused by the negligence of defendant, a resident and citizen of that state, may be admitted to prosecute his action as a pauper in the federal courts sitting in that state; the pauper act of New York neither in its original nor present form containing any words importing a restriction of its privileges to the resident poor

2. SAME—LEAVE TO SUE AS POOR PERSON—AMENDMENT OF APPLICATION.
   A petition for admission to sue as a pauper set out that the plaintiff was a resident of New Jersey, but did not allege that he was a citizen of that state. The complaint, however, contained a proper averment upon that point. *Held*, on motion to vacate an order granting the petition, that the plaintiff should be allowed to file *nunc pro tunc*, as of the date of the presentation of the petition, an affidavit setting forth his citizenship.

On Motion to Vacate an Order Admitting Plaintiff to Sue as a Pauper.

*Wheeler & Cortis*, for plaintiff.

*Jas. Stikeman*, for defendant.

LACOMBE, J. Defendant moves to vacate an order heretofore granted on petition, allowing plaintiff to prosecute this action as a pauper. Plaintiff is a citizen and resident of New Jersey. It appears from the papers that he has sustained personal injuries, as the result of an accident caused, he contends, by defendant's negligence. Defendant is a citizen and resident of New York, in which state the accident happened. Plaintiff is not worth more than $100, besides the wearing apparel and furniture necessary for himself and his family and the subject-matter of this action, and is unable to prosecute this action unless permitted to do so as a poor person. In support of this motion defendant refers to three special term decisions of the supreme, superior, and common pleas courts, respectively, (*Anon.*, 10 Abb. N. C. 80; *Christian* v. *Gouge*, Id. 82; *Alexander* v. *Meyers*, 8 Daly, 112,) holding that a non-resident may not sue in the state courts as a poor person.

The practice of allowing paupers to have original writs and subpœnas *gratis*, and to have counsel and attorney assigned them without fee, and to be excused from paying costs when plaintiffs, dates back to the reign of Henry VII. 3 Bl. Comm. *c.* 24. The provisions of the Revised Statutes and of the Code of Procedure are, in substance, a re-enactment of those contained in the original act; the limit of statutory poverty being raised between the Revision of 1812 and the Revision of 1830 from $20, the equivalent of the £5 of the English statute, to $100. The decisions above cited proceed in part upon the theory that the later statute, which requires non-residents to furnish security for costs, is inconsistent with a policy which would allow an irresponsible non-resident to sue without even a liability for costs. In the supreme and superior court cases the causes of action arose in Pennsylvania, of which state plaintiffs were res-

idents. In the common pleas case both plaintiff and defendants were citizens of Georgia, where the cause of action arose, and the decision is based entirely on the proposition that "it is contrary to the policy of the law to encourage the bringing of actions in this state for torts committed in another state, where plaintiff and defendants are residents of such other state, and were so when the wrong complained of was committed. If * * * such person choose to prosecute in a foreign tribunal, it should be under the usual liability for costs." 8 Daly, 112. The question has never been passed upon by an appellate state court. The state statute does not, either in its original or present form, contain any words importing a restriction of its privileges to the resident poor. The words used are "a poor person," without qualification.

The attention of the learned judges who delivered the opinions above cited seems not to have been called to a distinction between the statutes before them. The pauper act is concerned with liability; the non-resident act with security. Plaintiffs generally are liable for costs, and it is expected that they will respond for them out of their property situated within the jurisdiction of the state. Non-resident plaintiffs, however, who are not supposed to have such property within the jurisdiction, are required to give security that they will so respond. This act, however, in no way enlarges their liability, nor is it necessarily inconsistent with an act which relieves any particular class from the obligation to respond for costs at all. In the particular case at bar the plaintiff cannot, so far as appears, sue and make service of process in New Jersey, his native state. If the rule contended for were adopted, he could not sue in the courts of the state where the wrong was done him; and if it were followed here he would be left, solely because of his poverty, without any forum in which to vindicate his rights. Such a failure of justice should, if possible, be avoided.

The practice in this court in civil causes, other than equity and admiralty causes, is, by section 914 of the Revised Statutes, conformed as near as may be to that in the state courts. This phrase, "as near as may be," was before the supreme court in the case of *Railroad Co.* v. *Horst*, 93 U. S. 300, and the opinions expressed that the federal courts "had the power to reject, as congress doubtless expected they would do, any subordinate provisions in such state statutes which in their judgment would unwisely incumber the administration of the law, or tend to defeat the ends of justice in their tribunals." In the case at bar it is not even a question of disregarding a subordinate provision of a statute. The state act contains no language sustaining defendant's position, and the construction contended for has not been approved by any appellate tribunal of the state. Under these circumstances such construction may be rejected as tending in this case to defeat the ends of justice.

Defendant further contends that the order should be vacated because the petition states that the plaintiff is a *resident* of the state of New Jersey, but does not state that he is a *citizen* of that state. Plaintiff is in fact both a citizen and resident of New Jersey, and the proper averment as to citizenship appears in his complaint. Under these circumstances,

the order should not be set aside for lack of jurisdiction, but the plaintiff may be allowed to file *nunc pro tunc*, as of the date of the presentation of his petition, an affidavit setting forth his citizenship. Upon the filing of such affidavit, the motion to vacate the order allowing plaintiff to prosecute the action as a poor person is denied.