HARRIS *v.* MUTUAL LIFE INS. CO.

*(Supreme Court, Special Term, New York County.  April 14, 1890.)*

COSTS—SECURITY—NON-RESIDENTS—ACTIONS IN FORMA PAUPERIS.

It being in the discretion of the court to allow an action to be prosecuted *in forma pauperis*, (Code Civil Proc. N. Y. §§ 458, 460, 461,) a non-resident plaintiff may be permitted to sue in such form, though section 3268 provides that "defendant, in an action brought in a court of record, may require security for costs to be given * * * where the plaintiff was, when the action was commenced, * * * a person residing without the state."

At chambers. Action by Franziska Harris, a non-resident of the state of New York, against the Mutual Life Insurance Company on an insurance policy issued to Mark Harris for the benefit of his wife, if living, otherwise for the benefit of his infant son. After plaintiff had obtained an order permitting her to sue *in forma pauperis*, she was required to give security for costs. She afterwards procured an order vacating the order requiring security for costs. Defendant now moves to vacate the order permitting plaintiff to sue *in forma pauperis*, and requiring her to give security for costs, and

to stay proceedings until payment of the costs of a former action brought by plaintiff in the court of common pleas, where the complaint was dismissed. The provisions of the Code of Civil Procedure in relation to actions by poor persons are as follows:

"Sec. 458. *Who may petition for leave to prosecute as a poor person.* A poor person, not being of ability to sue, who alleges that he has a cause of action against another person, may apply, by petition, to the court in which the action is pending, or in which it is intended to be brought, for leave to prosecute as a poor person, and to have an attorney and counsel assigned to conduct his action."

Section 459 relates to the contents of the petition.

"Sec. 460. *When and how leave granted.* The court to which the petition is presented, if satisfied of the truth of the facts alleged, and that the applicant has a good cause of action, may, by order, admit him to prosecute as a poor person, and assign to him an attorney and counsel to prosecute his action, who must act therein without compensation.

"Sec. 461. *Not liable for costs and fees.* A person so admitted may prosecute his action without paying fees to any officer; and he shall not be prevented from prosecuting the same by reason of his being liable for the costs of a former action, brought by him against the same defendant. If judgment is rendered against him, or his complaint is dismissed, costs shall not be awarded against him."

In relation to security for costs section 3268 provides that "defendant, in an action brought in a court of record, may require security for costs to be given as prescribed in this title, where the plaintiff was, when the action was commenced, either (1) a person residing without the state; or  *  *  *  (5) an infant, whose guardian *ad litem* has not given such security."

*Christopher Fine*, for plaintiff.     *Davies & Rapallo*, for defendant.

ANDREWS, J. It has been held in a number of cases that infant and non-resident plaintiffs cannot be allowed to sue as poor persons. *Alexander* v. *Meyers*, 8 Daly, 112; *Anon.*, 10 Abb. N. C. 80; *Christian* v. *Gouge*, Id. 82; ·*Kleinpeter* v. *Enell*, 2 Civil Proc. R. 21.   That an infant can be allowed to sue as a poor person has been held in *Hotaling* v. *McKenzie*, 7 Civil Proc. R. 320; *Erickson* v. *Poey*, 5 Civil Proc. R. 379, 387; affirmed 96 N. Y. 669; *Irving* v. *Garrity*, 4 Civil Proc. R. 105; *Nichols* v. *Cammann*, 2 Civil Proc. R. 375; and in *Heckman* v. *Mackey*, 19 Abb. N. C. 394, it was held by the United States circuit court for the southern district of New York that, under our Code, a non-resident plaintiff can be permitted to sue as a poor person. So far as infants are concerned, the question seems to have been settled by the court of appeals in *Erickson* v. *Poey, supra.* In that case the plaintiff was an infant, and the city court of Brooklyn made an order allowing the plaintiff to prosecute the action as a poor person, and denied the motion of the defendant for an order requiring the plaintiff to file security for costs. Both of these orders were affirmed by the general term and by the court of appeals. The provisions of section 3268 of the Code, which provides that a defendant may require an infant to give security for costs, are the same as those in relation to non-residents, and it necessarily follows that as the court of appeals has decided that an infant plaintiff can be allowed to prosecute as a poor person, that the court, in its discretion, may grant the same privilege to a non-resident plaintiff. The fact that the costs of the action in the court of common pleas have not been paid is not a good reason for refusing to permit the plaintiff in this action to prosecute as a poor person, because section 461 of the Code expressly declares that liability for the costs of a former action shall not prevent the plaintiff from prosecuting as a poor person. I cannot, upon these applications, pass upon or consider the question whether the plaintiff has a good cause of action. The motion to vacate the plaintiff's orders of March 5

and March 25, 1890, and to stay proceedings in this action until the costs of the action in the court of common pleas have been paid, must be denied, with $10 costs to the plaintiff, to abide the event of the action.