# SUPREME COURT.

## ELIZABETH OSTRANDER and others agt. JOHN HARPER and others.

Where an application for leave to sue *in forma pauperis*, is made after the defendant has appeared in the action, it can only be made upon notice to the defendant.

Such an application will be denied, on the ground of laches, if not made upon, or soon after the commencement of the action.

The statute authorizing prosecutions *in forma pauperis*, does not extend to appeals under the Code. Such an appeal is not a "cause of action" within the statute. (2 *R. S.* 444, § 1.)

One of several plaintiffs cannot sue as a poor person. The poverty of all must be shown, and the leave must be given to all.

*Brooklyn Special Term, Feb.,* 1857.

PIERPONT POTTER, *for petitioner.*

BIRDSEYE, Justice. The complaint in this action was filed for the purpose of redeeming mortgaged premises from the lien of the mortgage. The action was brought to trial, and the complaint was dismissed upon the merits; and judgment has been duly perfected in favor of the defendants.

Mrs. Ostrander, who is one of twenty-three plaintiffs, now presents a petition, praying that she be admitted to appeal from that judgment to the general term, *in forma pauperis*, and that this court will assign her an attorney and counsellor to prosecute the appeal. She states that she is not worth twenty dol-

lars, excepting her wearing apparel and her interest in the subject matter of this action; that her interest in this action is equal to that of all the other plaintiffs combined; that the plaintiffs are all poor and irresponsible; and that she, as well as the other plaintiffs, are unable to give the security required by law on the appeal.

There are two conclusive objections to the granting of this petition—not to mention the want of notice to defendants of the motion, or the delay in making the application. Notice in such a case was required under the former practice. (*Isnard* agt. *Cazeaux*, 1 *Paige*, 40; *Thomas* agt. *Wilson*, 6 *Hill*, 257,) and certainly not less requisite under the Code. (§ 414.) The obtaining of an order which may deprive the defendants of costs in case they succeed in the suit, is clearly a proceeding, to notice of which they are entitled, and which they have a right to oppose. And the delay in asking the leave till after judgment, which shows that the plaintiff has no cause of action, is good ground for refusing it.

In *Florence* agt. *Bulkley*, (1 *Duer*, 705,) the leave was denied on account of delay in applying for it till after the cause had been referred and noticed for trial. Here it has been tried, and judgment rendered in favor of the defendants. But the main objections to granting the leave desired are,

1. That the statute authorizing prosecutions *in forma pauperis* does not extend to appeals under the Code. It was held not to extend to writs of error, (*Moore* agt. *Cooley*, 2 *Hill*, 412; *M'Donald* agt. *Bank for Savings in New-York*, 2 *Howard's Sp. T. R.* 35,) nor to appeals in chancery. (*Bolton* agt. *Gardner*, 3 *Paige*, 273, 280.) I can see no reason why the rule is not the same under the Code. The present appeal is a substitute for the old writ of error, (*Code*, § 323,) and is no more than that such a " cause of action " as the statute respecting suits by poor persons allows to be prosecuted without expense to them. (2 *R. S.* 444, § 1.)

2. It is not sufficient for one of several co-plaintiffs to state his own inability to sue by reason of poverty. The poverty and inability must be shown to extend, and the leave must be

granted, to all the plaintiffs. These applications are not favored, and the court will construe the statute strictly against the applicant. (2 *Hill*, 412; 1 *Paige*, 40.)

It would be in the last degree oppressive, to allow solvent and responsible plaintiffs to join a pauper with themselves in the action, and under his protection to prosecute a doubtful claim, harassing the defendant with litigation, and subjecting him to costs, from which they shall escape, if defeated; but ready to come in and share the fruits of the suit, if it can be made to yield any.

The prayer of the petition is denied.