Anthony Spencer, Respondent, v. The State of New York, Appellant.

Court of Claims — Practice — Negligence — Failure to Move for Non Suit at Close of Evidence Precludes Review of Questions of Law. Under the provisions of the Code of Civil Procedure relating to the Court of Claims (§ 263 et seq.) there is no reason why the practice therein ordinarily should not be measured or judged by the same rules as prevail in the Supreme Court. Where, therefore, upon the trial, in the Court of Claims, of a claim against the state for injuries alleged to have been sustained by an employee thereof by reason of the negligence of a canal bridgetender, the counsel for the state failed to renew, at the close of all the evidence, a motion for a nonsuit, which was made and denied at the end of the evidence for the claimant, such failure will be regarded as an admission that there is some question of fact to be passed upon and a waiver of the right to have the claim and case dismissed as a matter of law; and a contention that the bridgetender, at the time he injured the claimant, was not acting within the scope of his employment so as to render the state liable for his misconduct and that, therefore, the claimant should have been nonsuited upon the trial, cannot be considered upon an appeal from a judgment of the Appellate Division affirming a judgment, granted by the Court of Claims, against the state and in favor of the claimant.

Spencer v. State of New York, 110 App. Div. 585, affirmed.

(Argued January 24, 1907; decided February 26, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 16, 1906, affirming a judgment in favor of plaintiff entered upon an award of the Court of Claims.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julius M. Mayer*, Attorney-General (*George P. Decker* and *Willis H. Tennant* of counsel), for appellant. The injury and damage which the claimant sustained was not caused by the use or management of the canals or other things connected with the canals, and hence the Court of Claims has no jurisdiction of the subject-matter of the claim,

nor is the state liable to claimant therefor, it never having consented to be held liable therefor. (*Locke* v. *State*, 140 N. Y. 480.)

· *Horace G. Pierce* for respondent. The exception to the refusal to dismiss the case was properly denied for the reason that at that stage of the trial it was necessary for the state to introduce evidence to overcome or explain the presumption of negligence. This exception is not available and there was no other exception taken in the case. (*Sharp* v. *E. R. R. Co.*, 184 N. Y. 100; *Becker* v. *Koch*, 104 N. Y. 304; *M. Co.* v. *Phillips*, 109 N. Y. 303; *Cross* v. *Cross*, 108 N. Y. 628; *Magar* v. *Hammond*, 183 N. Y. 387; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Lynch* v. *M. E. R. R. Co.*, 90 N. Y. 77; *Cohen* v. *D. D., etc., R. R. Co.*, 69 N. Y. 170.)

HISCOCK, J. While plaintiff · was at work for defendant around one of its canal bridges, in the city of Rochester, he was struck and injured by a plank which was thrown down upon him from the elevated bridge by one Patterson, who was a bridgetender, and for the damages resulting from such injuries he has recovered judgment. .

It is urged in behalf of the appellant that at the time Patterson injured the respondent, he was engaged in an enterprise of his own and was not in any degree whatever acting within the scope of his employment so as to render the state liable for his misconduct, and that, therefore, the plaintiff ·should have been nonsuited upon the trial. We think that there would be great force in this contention if the appellant were in position to make it, but as the case is presented upon appeal this question is not available.

If the appellant's contention is correct, then there was no evidence upon which the Court of Claims could render judgment in favor of the plaintiff, and his complaint should have been dismissed as a matter of law upon a motion for a nonsuit. Such motion was duly made at the close of the plaintiff's case and denied. Defendant then proceeded to offer evi-

dence upon its behalf and at the close of all of the evidence the motion for a nonsuit was not renewed, but the case was submitted to the court for consideration, and thereafter what amount to findings of fact were made and judgment rendered. In fact, the request made at the close of all the evidence by the deputy attorney-general that the court should " Find that it was no part of Mr. Patterson's duty to be on this bridge and he was not in any sense acting as the officer, agent or servant of the State in doing what he did do that caused the injury," seems almost to imply the idea of a question of fact to be passed upon. Certainly it was not fairly a motion for a nonsuit, and no ruling was made and consequently no exception taken which would enable this court to pass upon the rights of the defendant as they then stood.

It is well settled that upon a trial the defendant may supply deficiencies in plaintiff's proof, and that in courts of record at least, the failure to renew or make a motion for a nonsuit at the close of all of the evidence will be regarded as an admission that there is some question of fact to be passed upon and a waiver of the right to have the complaint and case dismissed as a matter of law. (*Jones* v. *Union Ry. Co.*, 18 App. Div. 267; *Griffith* v. *Staten Island R. T. R. R. Co.*, 89 Hun, 141; *Hobson* v. *N. Y. Condensed Milk Co.*, 25 App. Div. 111; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628.)

The learned attorney-general upon this appeal does not dispute this proposition but he seeks to avoid its application to this case by an argument in substance that the Court of Claims is a less formal tribunal than the Supreme Court and that the practice therein should not be measured or judged by the same rules as prevail in the latter court. We are unable to adopt this argument either as a matter of statutory construction or of general policy.

The provisions of the Code upon that subject (Secs. 263 *et seq*) reorganized the former Board of Claims into the Court of Claims, and made the latter one of the regular and important judicial tribunals of the state. It is made a court of

record and these provisions invested it with a wide jurisdiction and amongst other things provided for regular sessions, for formal judgments and for appeals therefrom analogous in many substantial provisions at least to appeals from the Supreme Court. Section 265 expressly provides that " The court may establish rules for its government, and the regulation of practice therein ; prescribe the forms and methods of procedure before it, vacate or modify judgments and grant new trials, and except as otherwise provided in said rules and regulations, or the code of civil procedure, the 'practice shall be the same as in the supreme court." We know of no rule, provision or practice which inclines us to hold that upon the trial of a claim counsel should not be held in respect to the point now involved to the rule long established and well understood in the Supreme Court and other courts of record and be required to make his views apparent by proper motion, if he thinks at the close of all of the evidence that there is no question of fact to be passed upon. We feel quite clear that it is wiser to make this rule of practice applicable to so important a tribunal as the Court of Claims and thereby increase the formality and regularity of its proceedings rather than to hold otherwise and permit counsel after maintaining an uncertain position upon the trial to raise questions in the Appellate Court which were not fairly and distinctly presented below.

These views lead to the conclusion that without consideration of its merits the judgment appealed from must be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT and HAIGHT, JJ., concur; WILLARD BARTLETT, J., concurs in result; CHASE, J., not sitting.

Judgment affirmed.