AMOS D. BRIDGE'S SONS, INC., Appellant, *v.* THE STATE OF
NEW YORK, Respondent.

Third Department, June 30, 1919.

**Foreign corporation — attempt to maintain action in this State —
filing claim with Court of Claims — failure to comply with section
15 of General Corporation Law.**

The filing of a claim by a foreign corporation, doing business within this
State, with the Court of Claims constitutes an attempt to "maintain
an action in this State" within the meaning of section 15 of the General
Corporation Law, providing that "no foreign corporation doing business
in this State shall maintain any action in this State upon any contract
made by it in this State unless prior to the making of such contract, it
shall have procured such certificate."

Hence, such a corporation not having procured a certificate that it had
complied with the requirements of law authorizing it to do business in
this State, its claim was properly dismissed.

APPEAL by the plaintiff, Amos D. Bridge's Sons, Inc., from
an order and judgment of the Court of Claims in favor of the
defendant, entered in the office of the clerk of said court on
the 25th day of February, 1919, and the 13th day of March,
1919, respectively, dismissing its claim upon the ground that
claimant, a foreign stock corporation other than a moneyed
corporation, had not procured a certificate from the Secretary
of State that it had complied with the requirements of law
authorizing it to do business in this State.

*Ainsworth & Sullivan* [*Charles B. Sullivan* of counsel], for the
appellant.

*Charles D. Newton, Attorney-General* [*Jerome L. Cheney*
and *Henry C. Henderson, Deputies Attorney-General,* of counsel],
for the respondent.

H. T. KELLOGG, J.:

The claimant is a foreign stock corporation doing business
within the State of New York. It entered into a contract with
the State to construct a highway for the State, and, having com-
pleted the contract, filed this claim for additional expenses of

performance due to the fault of the State.   Claimant never procured from the Secretary of State a certificate that it had complied with all the provisions of law necessary to be fulfilled to authorize it to do business within the State as provided in section 15 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28).* That section in part reads: " No foreign stock corporation doing business in this State shall maintain any action in this State upon any contract made by it in this State, unless prior to the making of such contract it shall have procured such certificate." The question here involved is whether or not an attempt to " maintain any action in this State " has been made, within the meaning of the provision quoted.   In the prosecution of a claim there is a party plaintiff, a party defendant, a court; there are witnesses, examinations, cross-examinations, legal evidence, an opening, a closing, rules of procedure, and, finally, a judgment.   Construing " action " according to the realities, and not sophistically, it certainly includes a claim, for a claim is, after all, for all intents and purposes, an action at law against the State in a court especially created to hear it.   The language of the Code of Civil Procedure is decisive of the matter, for in section 264 it is provided: " In no case shall any liability be implied against the State, and no award shall be made on any claim against the State, except upon such legal evidence as would establish liability against an individual or corporation in a court of law or equity."   The plaintiff, not having procured a certificate to do business within the State, could not have produced legal evidence to establish liability in a court of law against an individual or corporation, had such a person contracted with it, and been guilty of the identical acts and omissions alleged against the State.   Therefore, under the section quoted, no award could be made to claimant against the State.   The dismissal was, therefore, necessary.

The order and judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.

---

* Since amd. by Laws of 1917, chap. 594.— REP.