IDA SIEGELBAUM, Appellant, *v.* VICTOR J. DOWLING et al., as Receivers of the INTERBOROUGH RAPID TRANSIT COMPANY, Respondents.

Submitted October 24, 1938; decided October 28, 1938.

*Henry H. Sternberg* for motion.

*James Hess* opposed.

CRANE, Ch. J.   In January of 1938 this court decided in *Gibbs* v. *Home Ins. Co.* (277 N. Y. 529) that it had no power to dispense with the undertaking on appeal required by section 593 of the Civil Practice Act in a case where the plaintiff desired to prosecute as a poor

person. Thereafter chapter 31 of the Laws of 1938 amended section 558 of the Civil Practice Act by providing that " A poor person appellant or respondent shall not be required to pay any fees, to furnish an undertaking to perfect an appeal or to print either the record or points on appeal but may submit the same in typewriting with such number of legible copies as shall furnish each appellate judge or justice with one copy thereof."

A poor person referred to in this section is one who has been allowed to sue or defend as a poor person.

We turn to section 198-a to ascertain the procedure: " *Leave to prosecute or defend as a poor person during the progress of an action or special proceeding.* Leave to prosecute or defend as a poor person may be granted at any stage of an action or special proceeding including any appeal therein, notwithstanding no leave was applied for or granted to prosecute or defend, as the case may be, prior to or at the commencement of such action or special proceeding."

A poor person by section 199 shall be a person who is not worth three hundred dollars in cash or available property besides the wearing apparel and furniture necessary for himself and his family.

According to these provisions, a person who has been allowed to sue as a poor person by the courts below is not obliged to give the undertaking required by section 593 of the Civil Practice Act. Where the case is in this court and a party has not been permitted to sue as a poor person, application must be made to this court for an order permitting such person to appear and prosecute or defend as a poor person, and when such order is granted, such poor person has the privileges mentioned in section 558 of the Civil Practice Act which includes the waiver of undertaking.

Application cannot be made to this court to do away with the undertaking on appeal simply because the person is too poor to give the undertaking. The application

24

must be made for leave to prosecute as a poor person upon proof of the facts prescribed by section 199 of the Civil Practice Act.

Attention should be drawn to section 196 regarding the rights of attorneys appearing for poor persons: " § 196. *Leave to sue as a poor person.* A poor person whether an adult or infant not being of ability to sue who alleges that he has a cause of action against another person or the right to bring a special proceeding may, by order of the court, prosecute as a poor person and have an attorney assigned to conduct his action or proceeding. The attorney so assigned must act without compensation except that if a recovery is had the court may allow such attorney a reasonable sum for his services and taxable disbursements."

Also attention should be drawn to section 198 applying to defendant: " § 198. *Leave to defend as a poor person.* A defendant in an action or special proceeding involving his right, title or interest in or to real or personal property may petition the court in which the same is pending for leave to defend as a poor person and to have an attorney assigned to conduct his defense."

The application made in this case to permit an appeal without giving the undertaking on appeal because the plaintiff cannot afford it should be denied for the reasons here stated.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Motion denied.