GEORGE C. EHDE, Appellant, *v.* THE STATE OF NEW YORK, Respondent.*

(Claim No. 24925.)

Fourth Department, November 8, 1940.

*Charles A. Drefs, Jr.*, for the appellant.

*Paul J. Batt* [*Edward D. Siemer* of counsel], for the county treasurer of Erie county.

*John J. Bennett, Jr., Attorney-General,* for the respondent.

DOWLING, J. George C. Ehde duly presented a claim against the State of New York on June 23, 1937, for damages for personal injuries suffered in an accident alleged to have been caused by the

* Revg. 173 Misc. 1095.

tort of an officer or employee of the State while acting as such officer or employee. The claim was tried before one of the judges of the Court of Claims. The Court of Claims rendered a decision on February 10, 1939, in favor of the State dismissing the claim. From the judgment of dismissal the claimant has appealed to this court.

On May 2, 1939, appellant procured an order from this court authorizing him to prosecute his appeal as a poor person. The court assigned Charles A. Drefs, Jr., to conduct the appeal. On April 20, 1940, the appellant moved, under section 1493 of the Civil Practice Act, on notice to the Attorney-General and to the treasurer of the county of Erie, in the Court of Claims for an order and the issuance of a certificate to the official stenographer to furnish to the appellant a transcript of the stenographer's minutes for use in perfecting his appeal, the fee therefor to be paid by the county treasurer of Erie county, that being the county where the claim was tried or, in the alternative, for an order directing the clerk of the Court of Claims to loan to the attorney for the appellant a transcript of said minutes for copying, under conditions and restrictions to be imposed by the Court of Claims. The court, Hon. BERNARD RYAN presiding, denied the application on the following grounds: (a) The Court of Claims has no jurisdiction of the county treasurer of Erie county and no authority to compel him to disburse county funds. (b) There is no provision in the Court of Claims Act for furnishing a copy of the minutes to the claimant as a poor person and no provision for directing the official stenographer to furnish the minutes to a claimant without being paid by the claimant his statutory fees as provided in subdivision 3 of section 5 of article 1 of the Court of Claims Act (Laws of 1939, chap. 860). (c) A transcript of stenographer's minutes, when filed with the clerk of the Court of Claims, is a public record and there is no statutory authority authorizing the Court of Claims to direct the clerk to loan such transcript to a claimant or to his attorney. In the absence of such authority the court has no authority for the exercise of discretion in the matter. (d) " We believe we are without power to grant claimant's request." (e) Incidentally, in his application to the Appellate Division for leave to prosecute his appeal as a poor person, the claimant asked for the same relief as here. The order of the Appellate Division is silent in this regard and " we take this silence as a denial of claimant's application." From the order denying the application, the claimant has appealed.

Section 1493 of the Civil Practice Act provides, in part: " A person admitted to prosecute as a poor person may prosecute his

action or any special proceeding without paying fees to any officer, including clerks, stenographers or sheriffs, provided, however, that stenographic minutes in any such action or special proceeding shall be furnished to said poor person only upon order of the court or justice before whom the same is tried and upon the issuance by such court or justice of a certificate to the official stenographer of the sum to which he is entitled as statutory fees, said fees to be paid by the county treasurer of the county in which said action or proceeding was tried, upon presentation of such certificate."

We are to determine whether or not this section applies to a case where a claimant has been authorized by the Appellate Division to prosecute an appeal from a judgment of the Court of Claims as a poor person. We think it applies providing the prosecution of a claim in the Court of Claims is tantamount to the prosecution of the action or the special proceeding referred to in section 1493 of the Civil Practice Act. We think the prosecution of a claim before the Court of Claims is in effect the same as the prosecution of an action in the Supreme Court and for the following reasons. The claim filed must plead the facts relied upon to sustain a recovery and it must be verified " as a complaint in an action in the Supreme Court." (Court of Claims Act [Laws of 1939, chap. 860], art. 2, § 11.) The date of issue is the date of filing the claim in the clerk's office at Albany. (Rules of the Court of Claims, rule 5.) The State is not required to serve an answer and all allegations are treated as denied. (Rule 13.) The State may interpose a counterclaim and the claimant may serve a reply thereto. (Court of Claims Act, art. 2, § 9, subd. 3; rule 14.) The " Pleadings " may be amended. (Rule 16.) The clerk prepares a calendar of claims for each regular term of the court (rule 3) and the Attorney-General is required to serve a notice of trial on each claimant's attorney. (Rule 4.) The clerk also prepares a day calendar. (Rule 6.) The Court of Claims has power to render judgment " in favor of the claimant or the State for such sum as should be paid by or to the State." (Laws of 1939, chap. 860, art. 2, § 9, subd. 4.) The court has the power to grant a new trial upon any of the grounds for which a new trial may be granted in the Supreme Court. (Laws of 1939, chap. 860, art. 2, § 9, subd. 8.) Thus we see that the prosecution of a claim in the Court of Claims is in effect the prosecution of an action in the Supreme Court. Therefore, section 1493 of the Civil Practice Act applies to the application under review. The practice in the Court of Claims is the same as in the Supreme Court except as otherwise provided in the Court of Claims Act, or in the rules of the Court of Claims or in the Civil Practice Act. (Court of Claims Act [Laws of 1939, chap. 860], art. 2, § 9, subd. 9.) The Rules of

Civil Practice are binding on all the courts of the State except the Court for the Trial of Impeachments and the Court of Appeals. (1 Carmody's N. Y. Practice, § 107, p. 123; head note to Rules of Civil Practice, Clevenger's Civil Practice Manual, 1940.) The practice in the Court of Claims is the same as in the Supreme Court unless otherwise provided. (*Spencer* v. *State of New York*, 187 N. Y. 484, 487; *Smith* v. *State of New York*, 214 id. 140, 143.) We find no pertinent exceptions in the Court of Claims Act or in its Rules or in the Civil Practice Act. In the *Spencer* case (*supra*, p. 485) Judge HISCOCK refers to the claim as a " complaint " and he treats the trial before the Court of Claims as if it were the trial of an action in the Supreme Court. In *Bridge's Sons, Inc.*, v. *State of New York* (188 App. Div. 500; affd., 231 N. Y. 532) Mr. Justice KELLOGG said (p. 501): " Construing ' action ' according to the realities, and not sophistically, it certainly includes a claim, for a claim is, after all, for all intents and purposes, an action at law against the State in a court especially created to hear it." Moreover, the practice on appeal from a judgment of the Court of Claims is the same, so far as practicable, as it is in the Supreme Court. (Court of Claims Act [Laws of 1939, chap. 860], art. 3, § 24.)

We think the learned Court of Claims had the power, under section 1493 of the Civil Practice Act, to order its official stenographer to furnish the claimant with a transcript of the testimony taken by him upon the trial and to issue to him the certificate fixing the amount of his fees as provided in section 1493 of the Civil Practice Act. Section 1493 applies to any stenographer of any trial court of record in the State. Under its provisions the Court of Claims was not called upon to order or direct the treasurer of Erie county to pay the stenographer his fees. All that court had the power to do was to make the order and issue the certificate prayed for. Section 1493 empowers the treasurer of the county in which the case is tried, upon presentation of the certificate, to make payment to the stenographer of the amount certified in the certificate. If the treasurer should refuse tó pay, the stenographer could invoke the aid of the Supreme Court.

The treasurer of Erie county maintains that it was not the intention of the Legislature to compel the county of Erie to pay for the transcript furnished to a litigant authorized to prosecute an appeal as a poor person from a judgment of the Court of Claims merely because his claim had been tried in Erie county and that it would be most inequitable to compel Erie county to meet such an expense, particularly where, as here, the litigant was not a resident of Erie county. Under rule 2 of the Rules of the Court of Claims the

State is divided into districts. The Buffalo district comprises seven counties. The claimant was a resident of one of said counties. It would be impossible for the Court of Claims to sit in each county of the State to hear claims arising from that county. Certainly residents of Erie county gain some advantage in having their claims tried in their own county. Moreover, we think that it was not the intention of the Legislature to render ineffective an appeal authorized to be taken as a poor person from a judgment of the Court of Claims by making it impossible for such poor person to procure a transcript of the minutes of his trial in the Court of Claims. Doubtless the Legislature made no provision in the Court of Claims Act empowering claimants to sue the State as a poor person because the State required such persons to pay no costs or disbursements in case of adverse decision on their claims. (Court of Claims Act [Laws of 1939, chap. 860], art. 3, § 27.) Furthermore, the subject was fully provided for in the Civil Practice Act and in the Rules of Civil Practice which were made applicable to the practice in the Court of Claims.

When the Appellate Division made the order authorizing the claimant to prosecute his appeal as a poor person it had no power or jurisdiction to entertain his application for a transcript of the testimony taken in the Court of Claims for the reason that application for that relief, under section 1493 of the Civil Practice Act, had to be made to the trial court or to the judge who presided at the trial. Under these circumstances the silence of the Appellate Division in respect to that part of the claimant's application is not to be treated as a denial of his application for such transcript. This feature distinguishes this matter from the rule discussed in *Matter of Baker* and *Matter of Cheney* (284 N. Y. 1).

This court would not have authorized claimant to prosecute his appeal as a poor person unless it was satisfied upon the papers before it that there was merit to his appeal. (Rules Civ. Prac. rule 36.) The court below did not deny the claimant's application for lack of merit or in the exercise of a sound discretion. Hence neither of these questions is before us on this appeal.

The order should be reversed, without costs, and the matter should be remitted to the Court of Claims for further action in accordance with this opinion.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Order reversed, without costs of this appeal to either party, and matter remitted to the Court of Claims to proceed in accordance with the opinion.