OLGA T. ROCCO, Respondent, v. CITY OF NEW YORK, Appellant.— Order granting plaintiff's motion and directing that she receive, without costs, a copy of the stenographer's minutes, unanimously reversed and the motion denied, without costs. Section 1493 of the Civil Practice Act which authorizes the trial court to transfer the obligation of paying the cost of the stenographer's minutes from the litigant to the county is applicable only where the litigant has been admitted to prosecute as a poor person. The plaintiff in this case has never been so admitted. The order heretofore entered in this court dispensing with the printing of the record did not confer upon the plaintiff the status of a poor person within the meaning of sections 196 and 558 of the Civil Practice Act because it limited the relief (*Siegelbaum* v. *Dowling,* 279 N. Y. 22). Accordingly, there is no power in the court to impose the cost of the stenographer's minutes upon the city. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ.

∎

GILDA APICELLA, as Administratrix of the Estate of VINCENT APICELLA, Deceased, Respondent, v. MEROLLA'S MARKET, INC., et al., Appellants.— Order unanimously reversed, with costs, and the motion denied without prejudice. The affidavit of the physician is insufficient to show causal relation between the injuries alleged to have been received and the ensuing death of plaintiff's intestate. The affidavit does not disclose what "medical information" was submitted to the doctor and the opinion expressed by him after a study thereof consists of a statement of facts relating to the working ability of plaintiff's intestate. The so-called "diagnostic conclusion" that the trauma aggravated an alleged pre-existing psychotic condition is not bottomed upon any adequate and properly proven facts. Present — Callahan, Breitel, Bastow, Botein and Bergan, JJ.

∎

WILLIAM HALPERN et al., Respondents, v. GREELEY SQUARE BUILDING CORPORATION, Appellant.— The complaint against the corporate defendant is insufficient on its face. It pleads the making of a contract and an agreement by plaintiffs to modify the contract. It is further alleged that the modification was induced by certain mixed factual and promissory representations of defendant's officers. The terms of the modification are not pleaded and it is not set forth whether plaintiffs have met those terms. Moreover, the representations are not alleged to have been false, or that they were made with no intentions of adhering to them, or, that thereafter, in bad faith, for the purpose of depriving plaintiffs of the benefits of their agreement, the intentions were formed to violate the promissory representations. It is not clear what theory the plaintiff is proceeding on, but in any event, the complaint does not plead a cause of action in contract. It is not asked by plaintiffs that the modification be rescinded; plaintiffs merely ask the relief to which they would have been entitled if the contractual changes had not had their assent. Plaintiffs on the appeal disavowed an intent to plead a cause of action in fraud; and have in any event failed to plead such a cause. Order unanimously reversed, with $10 costs and disbursements, and the complaint dismissed, with leave to replead. Present — Peck, P. J., Dore, Cohn, Breitel and Bergan, JJ.