Rocco Rosetano, Claimant, v. State of New York, Defendant. (Claim No. 33063A.)

Court of Claims, June 15, 1955.

*Rocco Rosetano,* claimant in person.

LAMBIASE, J. The above claim of the claimant against the State of New York to recover damages for false imprisonment having duly come on for trial before us on May 19, 1955, at a term of the court held in the city of Buffalo, New York, and trial thereof having been duly had that day, and the Attorney-General representing the State of New York having duly moved at the close of claimant's entire case for a dismissal of the claim on the merits on the ground that claimant had failed to prove a cause of action against the State of New York, we granted the motion. Our decision in connection therewith and the grounds therefor were read into the record at said time, and it is in said decision provided that an order be entered providing for said dismissal on the merits and providing further for the entry of a judgment of dismissal of the claim on the merits. On June 8, 1955, there was submitted and we signed the order of dismissal, and judgment of dismissal was entered by the clerk of the court on June 10, 1955.

Prior to the signing of said order of dismissal and prior to the entry of judgment of dismissal and on or about May 31, 1955, there was mailed to us at our chambers in the city of Rochester, New York, by claimant what purports to be an affidavit sworn to May 26, 1955, and entitled '' Pauperis Affidavit '' and another paper in the form of a '' letter '' dated May 20, 1955. We immediately forwarded said papers to the clerk of the court for filing where they were received and filed on June 2, 1955.

The so-called '' Pauperis Affidavit '', while not in the required form of a petition, we consider as such nevertheless; and we also consider it as supplying proof of the requirements of section 199 of the Civil Practice Act which defines a poor person for the purposes of the relief asked for herein. Paragraph 7 of said affidavit '' requests the Hon. Charles Lambiase to secure 6 copies of the Minutes of the Hearing held on 19th, day of May, 1955, and 6 copies of the dismissals in order to comply to the rules of civil practice, by his plea of pauperis Affidavit.'' The '' letter '' of May 20, 1955, also requests '' 6 copies of the Minutes '' and '' 6 copies of the dismissal '', and further contains the following: '' As he Is appealing from each and every part of the dismissal ''. Said '' letter '' also states the following: '' However representing himself, and as a poor person and in order to comply to civil practice, is submitting a writ of pauperis, To obtain thes (sic) copies of his appeal.''

We construe these papers as an application to this court for permission to appeal as a poor person, to assign an attorney

for that purpose, and also to obtain six copies of the minutes of the trial for the purposes of the appeal.

The Court of Claims has jurisdiction to entertain and has power to pass upon an application for leave to sue as a poor person (*Johnson* v. *State of New York*, 55 N. Y. S. 2d 792), and the pertinent sections of the Civil Practice Act (§§ 196–198-a, 558) and of the Rules of Civil Practice (rules 35, 36) are applicable to such application. It also has power under section 1493 of the Civil Practice Act, upon proper showing, to order its official stenographer to furnish the claimant with a transcript of the testimony taken by him upon the trial of the claim and to issue to said stenographer the required certificate fixing the sum to which he is entitled as statutory fees. (*Ehde* v. *State of New York*, 260 App. Div. 511.) But the relief under section 1493 may not be granted until petitioner be given permission to sue as a poor person. (Civ. Prac. Act, § 1493; *Rocco* v. *City of New York*, 283 App. Div. 1056.)

Section 198-a in effect now provides and since September 1, 1937, has provided as follows: " *Leave to prosecute or defend as a poor person during the progress of an action or special proceeding.* Leave to prosecute or defend as a poor person may be granted at any stage of an action or special proceeding including any appeal therein, notwithstanding no leave was applied for or granted to prosecute or defend, as the case may be, prior to or at the commencement of such action or special proceeding." Assuming that we have jurisdiction under said section 198-a. of the Civil Practice Act to entertain this motion at this stage of the litigation, that is at the completion of the trial and after decision dismissing the same upon the merits but before entry of the order and judgment aforesaid and before the filing and service of a notice of appeal, we are of the opinion that it must be denied — such denial, however, being without prejudice to renew — for it is prematurely made, for failure to give due notice of the application, and for defects in the moving papers.

It would seem that the application having been made for the purposes of appeal, it is prematurely made since at the time of its making there was nothing of record from which claimant could appeal.

Furthermore, while an application for leave to sue as a poor person may be made ex parte if made before action is brought, it would appear that if made during the pendency of the action, it should be on due notice of motion to the defendant. (*Ostrander* v. *Harper*, 14 How. Prac. 16; *Thomas* v. *Wilson*, 6 Hill 257;

*Conboy* v. *Ayres,* 25 Misc. 52.) It does not appear that any notice of this application was given to the State of New York. Then, too, insofar as the relief under section 1493 of the Civil Practice Act is concerned, notice of said application should have been given to the county in which the action was tried since said relief, if granted, authorizes the transfer of the obligation of paying the costs of the stenographer's minutes from the litigant to said county. (*Ehde* v. *State of New York,* 260 App. Div. 511, *supra.*)

Statutes permitting the bringing of an action as a poor person being in derogation of the common law must be strictly construed. (*La Barbera* v. *Hart & Crouse Co.,* 248 App. Div. 261, appeal dismissed without opinion, 272 N. Y. 534.) It would seem that such would be the rule also with reference to statutes granting such relief '' at any stage of an action or special proceeding including any appeal therein.'' It is well settled that the moving papers must set forth facts showing that petitioner is a poor person within the meaning of the statute (Civ. Prac. Act, § 199; Rules Civ. Prac., rule 35), and must set forth facts showing that there is merit to the appeal. (Rules Civ. Prac., rule 36; *Ehde* v. *State of New York, supra.*) Claimant's moving papers do not disclose anything upon which this court may determine whether or not there is merit to his proposed appeal.

Claimant appeared in person upon the trial of the claim and without counsel and tried his own case. He has submitted this motion without oral argument and upon papers obviously prepared without the advice and aid of counsel. The State of New York not having been served, of course, has not appeared upon this application. Under such circumstances, notwithstanding our denial of the motion, we deem it advisable to make further comment herein.

It would seem that the proper course for claimant to pursue herein, since he is desirous of reviewing the order and judgment of dismissal entered pursuant to the decision of this court, would be for him to duly appeal to the Appellate Division of the Supreme Court (Fourth Department) of the State of New York and then to make due application to said appellate court upon due notice to the State of New York for permission to appeal as a poor person and for the assignment of counsel for that purpose (Civ. Prac. Act, § 558; Rules Civ. Prac., rules 35, 36; *Ehde* v. *State of New York,* 12 N. Y. S. 2d 774; see, also, 260 App. Div. 511); and upon the obtaining of such permission, if such were the case, to apply pursuant to section 1493 of the Civil Practice Act, upon proper notice to the State of New York and

to the County of Erie, New York, to obtain a copy of the minutes of the trial. (*Ehde* v. *State of New York,* 260 App. Div. 511.)

Motion, therefore, must be and hereby is in every respect denied without prejudice to renew.

Submit order accordingly.