Charles Lambiase, J.
This is an application by the plaintiff “ for an order directing Maynard Hollowell, an official stenographer of this court, to furnish to Michael A. Scarpulla, the plaintiff, above named who is acting in his behalf, a copy of the stenographic minutes taken by him upon the trial of 9th, 10th and 12th day of November, 1959, and for such other and further relief as to the Court may seem just and proper.” Plaintiff’s notice of motion and moving papers indicate that he is acting as his own attorney.
We have construed this as an application under section 1493 of the Civil Practice Act which reads in pertinent part as follows : “ § 1493. Costs or fees where party prosecutes or defends as poor person. A person admitted to prosecute as a poor person may prosecute his action or any special proceeding without paying fees to any officer, including clerks, stenographers, or sheriffs, provided, however, that stenographic minutes in any such action or special proceeding shall be furnished to said poor person only upon order of the court or justice before whom *295 the same is tried, upon notice to the county attorney, and upon the issuance by such court or justice of a certificate to the official stenographer of the sum to which he is entitled as statutory fees, said fees to be paid by the county treasurer of the county in which said action or proceeding was tried, upon presentation of such certificate.”
Upon the return day of the motion plaintiff did not appear, and the County of Monroe, New York was represented by the office of Honorable Leo T. Minton, its attorney. Decision was reserved so that additional time might be given to the plaintiff to contact us if he saw the necessity of doing so. Later that day plaintiff did call use on the telephone and advised us that he had been ill that morning. We advised him that we would determine the motion upon the papers submitted.
The County of Monroe opposes the granting of the relief upon the ground that the order of the Appellate Division (10 A D 2d 800) made upon the application of plaintiff for an order granting him leave to prosecute the appeal herein as a poor person does not grant plaintiff the relief asked for. It only provides that the appeal may be prosecuted “ upon one copy of the stenographic minutes, an original and five clearly legible typewritten copies of the judgment roll, one of which copies shall be the ribbon copy, and five typewritten copies of the brief, clearly legible, one of which shall be the ribbon copy,” and provides further “ and otherwise said motion is hereby denied.” No attorney was assigned to prosecute his appeal. We agree with the position taken by the County of Monroe, New York.
Section 1493 of the Civil Practice Act which authorizes the trial court to transfer the obligation of paying the cost of the stenographer's minutes from the litigant to the county is applicable only where the litigant has been admitted to prosecute as a poor person. The plaintiff in this case has never been so admitted. The order heretofore granted by and entered in the Appellate Division does not confer upon the plaintiff the status of a poor person within the meaning of sections 196 and 558 of the Civil Practice Act because it limits, as set forth therein, the relief for which he asked. (Rocco v. City of New York, 283 App. Div. 1056; Eagle Contrs. v. Black, 5 A D 2d 954.) “Under pertinent statutory provisions appellants may prosecute appeals in this court, or respond thereto, as poor persons (Civ. Prac. Act, §§ 196, 558). Apart from this provision, however, there is vested in this court the plenary power to waive the requirement that the record be printed, and permit the presentations of the appeal upon one or more typewritten or other reproduced stated numbers of the record. This is limited relief separate and dis *296 tinct from the prosecution of an appeal as a poor person. (Cf. Rocco v. City of New York, 283 App. Div. 1056.) ” (Eagle Contrs. v. Black, 5 A D 2d 954, 955.)
Under the circumstances there is no power in this court to impose the cost of the stenographer’s minutes upon the County of Monroe, New York.
The motion should be and hereby is in all respects denied. Submit order accordingly.