J. Kenneth Servé, J.
Plaintiff sued the defendants for money damages for personal injuries which he alleges he sustained. In his pleadings, he based his claim against each defendant on negligence and breach of warranty. The trial was held at the January 1964: Term of Supreme Court, Orleans County, As to each defendant, the jury returned a verdict of no cause of action. Following the entry of the judgments in favor of the defendants, the plaintiff filed a notice of appeal.
The plaintiff made a motion at a motion term of the Appellate Division, Fourth Department, for an order granting him leave to appeal on typewritten papers, and for a further order determining the procedure to follow for the payment for a transcript of the trial minutes. The plaintiff’s application was granted to the extent of permitting the appeal to be prosecuted upon one original typewritten record on appeal and five typewritten briefs. In its order, the court stated that the application for the furnishing to the plaintiff without charge of a copy of the stenographer’s minutes must be made in the first instance to the court before whom the action was tried.
The plaintiff has now applied to this court for an order pursuant to CPLR 1102 (subd. [b]) directing the furnishing to him without charge a copy of the stenographer’s minutes of the trial.
*1039 CPLE (1101) authorizes a person to make an application to obtain permission to proceed as a poor person. Such application may be made to the court in which the action is triable, or to which an appeal has been or will be taken. CPLE (1102) is entitled “ Privileges of poor person ”. Included in the defined privileges of a poor person there is a provision that a stenographer’s transcript may be furnished a poor person without fee by order of the court before whom the action was tried, upon notice to the County Attorney in which the action was tried, or the City Treasurer of the section was tried in the City of New York. The privileges given by CPLE (1102) are only bestowed upon a poor person who first has been given permission to proceed as a poor person. The plaintiff in this case did not proceed as a poor person in the trial court. In his application to the Appellate Division, the plaintiff did not ask permission to proceed as a poor person, but only to prosecute his appeal on typewritten papers and for instructions. The order of the Appellate Division which authorized the plaintiff to prosecute the appeal upon one original typewritten record and five typewritten briefs did not confer upon him the status of a poor person within the meaning of 1101 (Rocco v. City of New York, 283 App. Div. 1056.)
In the motion now before this court, the plaintiff has not asked permission to proceed as a poor person. In his notice of motion he has asked for an order pursuant to CPLE 1102 (subd. [b]) which will direct the furnishing to the plaintiff as appellant in his pending appeal, without charge, a copy of the stenographer’s minutes. The relief asked for is one of the privileges of a poor person. However, before the plaintiff can enjoy the privileges of a poor person, he first must make an application to proceed as a poor person, and the court must then rule on such application.
Due to the fact that the plaintiff did not proceed upon the trial as a poor person, but has now indicated through his attorney upon the oral argument of the motion before this court that he wishes to prosecute his appeal as a poor person, he should apply for permission to prosecute the appeal as a poor person to the Appellate Division where the appeal is now pending (Siegelbaum v. Bowling, 279 N. Y. 22).
Until the Appellate Division grants his application to prosecute his appeal as a poor person, this court cannot make an order pursuant to CPLE 1102 (subd. [b]) directing the furnishing to the plaintiff without charge a copy of the stenographer’s *1040 minutes of the trial (Hauck v. Roncone, 5 A D M 804; Rosetano v. State of New York, 208 Misc. 352).
The application for relief in this court, as set forth in the notice of motion is denied, without prejudice to renew.