Caroline K. Simon, J.
After a four-day trial in January, 1969, claimant’s action for negligence of the State of New York was dismissed by this court, the court determining that the State’s liability had not been proven. In its decision (59 Misc 2d 337), filed February 19, 1969 on which judgment was entered February 27, 1969, the tragic circumstances surrounding this personal injury action were noted, as were Mr. Orman’s curtailed earnings and heavy medical expenses as a result of a brutal assault.
Upon the affidavit of Edward Orman and the affirmation of his counsel, a motion was brought before this court for hearing on May 6,1969. That motion sought leave to prosecute, as a poor person, an appeal of the decision pursuant to CPLR 1101 and 1102. In his affidavit Mr. Orman, in compliance with the .statute, stated that he had served a notice of appeal on the State March 20, that he has been unemployed subsequent to his having been injured, that he has insufficient funds to defray the expenses of an appeal, that he seeks an order of this court permitting the appeal as a poor person and directing that he be furnished a copy of the stenographic transcript of the trial without fee, and that he not be required to pay any fees or print the record or brief on appeal.
An answering affirmation by an attorney in the office of the Corporation Counsel of the City of New York was filed in this court the morning the motion was scheduled for hearing. In it the city opposed claimant’s application on the ground that permission must first be obtained from the Appellate Division, Third Department, for leave to prosecute an appeal as a poor person, before appellant may move in this court for a free stenographic transcript.
The city further argues that the Director of Finance of the City of New York could neither be a necessary nor a proper party to such a motion and therefore he may challenge and oppose this motion in the Court of Claims, contending that this court is not the proper forum in which to proceed.
*711 Counsel for claimant and for the city submitted on the motion. The Attorney-General, through an assistant, appeared though he informed the court that the State had not been served, and merely added that the State made no comment on the application.
In determining this motion, which is discretionary with the court, claimant’s motives must be considered and weighed, since the public will bear the expense of the appeal if the motion is granted. “Statutes permitting the bringing of an action as a poor person being in derogation of the common law must be strictly construed.” (Rosetano v. State of New York, 208 Misc. 352, 356.)
The court finds that claimant’s financial status as set forth in his affidavit brings him within the requirements of the statute. It further finds that the action is meritorious and not frivolous, despite the court’s prior determination that liability of the State had not been proven.
CPLR 1101 (subd. [a]) also lists as essentials to be contained in the affidavit: ‘1 and whether any other person is beneficially interested in any recovery sought and, if so, whether every such person is unable to pay such costs, fees and expenses.”
Claimant’s counsel had been retained to serve on a contingent fee basis. His affirmation in support of the motion stated that a statement of this agreement had been duly filed with the Judicial Conference, and that his firm will prosecute the appeal pursuant to the same retainer agreement. The court requested a copy of that retainer agreement and has received it and finds it in conformity with the requirements as to reasonableness of the Judicial Conference.
The court is cognizant of the Advisory Committee note to CPLR 1101 (subd. [a]) which indicates an intention to regard an attorney with a contingency fee retainer as being beneficially interested in the recovery (see Second Preliminary Report of Advisory Committee on Practice and Procedure, p. 390 [1958]). It recognizes, however, that early New York decisions required the attorney to serve without compensation, and that under today’s enlightened approach, and the regulatory provisions of the rules of the several Appellate Divisions, it is possible for a person without sufficient means to prosecute a claim and receive the benefit of counsel. “ There is no conflict between the contingent fee device and the poor person procedure, so long as the fee is a ‘ reasonable ’ one within the sense of CPLR 1102(d).” (2 Weinstein-Korn-Miller, N. Y. Prac., p. 11-13.)
Under the authority of Jenks v. Murphy (21 A D 2d 346) and subsequent Appellate Division decisions citing it, the court *712 finds that claimant and his counsel have complied with the applicable statutory requirements.
The philosophy expressed in the decisions of the courts and of the authoritative texts emphasizes the need to simplify motion procedure. The motion was brought before the Court of Claims, and the court, following with respect the citations and precedents, grants it.
The fact that claimant’s attorney is serving on a contingency fee basis means he has given his professional skill and his time, two of a lawyer’s most valuable assets, to an attempt through the courts to redress a wrong. It does not change the applicability of the statement from Weinstein-Korn-Miller quoted above or does it require a finding that the attorney has a beneficial interest. The court finds no statement to the contrary in Hermance v. Slopey (32 A D 2d 573), where the court denied an application for right to appeal as poor persons (motion to dismiss appeal provisionally granted November 15, 1968; motion for permission to proceed as poor persons denied January 10,1969). There the facts which are reported differed from the instant matter and there was no reported comment by that court in relation to a contingent fee.
The court relies also on the reference made to the 1961 expansion of concepts of due process fairness mentioned by the Court of Appeals in its decision in People ex rel. Cadogan v. McMann (24 N Y 2d 233). The motion is granted.