■    WILLIAM E. FULLER, as Executor of KENNETH M. LEWIS, JR., Deceased, Respondent, et al., Plaintiff, v. HARRY PREIS et al., Appellants.— Order, entered February 18, 1969, granting leave to plaintiff executor to serve an amended complaint so as to add a cause of action for wrongful death, affirmed, with $30 costs and disbursements to the respondent. There was a showing that the decedent sustained serious head injuries and the moving papers include the affidavits of two doctors " that the injuries that Dr. Lewis [plaintiff's decedent] suffered in the automobile accident  *  *  *  were a proximate and substantial contributory cause of the development of epilepsy, severe emotional depression and the subsequent suicide of Dr. Lewis." Whether by means of amendment of his pleadings in this action or by means of an independent action, the plaintiff would be entitled to present for litigation his alleged cause of action. In the circumstances, the order allowing the amendment represented a proper exercise of the discretion vested in Special Term. (See *Nugent* v. *Downing,* 33 A D 2d 1030.)  Of course, we do not pass on the merits of the cause of action for wrongful death. Concur — Eager, J. P., Capozzoli, Nunez and Tilzer, JJ.;

McNally, J., dissents in the following memorandum: I dissent, vote to reverse and deny the motion without prejudice. Plaintiff executor sought leave to amend his complaint to allege a cause of action for wrongful death — alleging that his testator's death "was the result of physical and mental disease and derangement and irresistible impulse arising from and out of the head and brain injuries sustained in the ⁜ ⁜ ⁜ accident." Testator died from a self-inflicted gunshot wound in the head. The accident which is the subject of the instant suit occurred on December 2, 1966; the suicide occurred on July 10, 1967. The original application was denied "with leave to renew upon proper papers to include a medical affidavit indicating causal relation between the suicide of plaintiff's decedent and the head injury allegedly sustained in the accident." On this application, plaintiff has not complied with the order granting leave to renew. There is no medical affidavit showing the required causal relation. The affidavits of Doctors Hammill and Handler in identical language depose "with reasonable medical probability that the injuries that Dr. Lewis suffered in the automobile accident on December 2, 1966 were a proximate and substantial contributory cause of the development of epilepsy, severe emotional depression and the subsequent suicide of Dr. Lewis." In the absence of proof by affidavit that the head injury caused an "irrepressible impulse" to commit suicide, the plaintiff does not comply with the order granting leave to renew. (See *McMahon* v. *City of New York,* 16 Misc 2d 143, 144, affd. 3 A D 2d 713; *Koch* v. *Fox,* 71 App. Div. 288, 298.) The two reports of Dr. Hammill, one undated and the other dated December 11, 1967, are not sworn to and, therefore, do not comply with the order granting leave on condition that causal relation be established by "medical affidavit". The report of December 11, 1967 states, without factual amplification, that the suicide was "an act based upon irrepressible impulse". (See *Apicella* v. *Merolla's Market,* 283 App. Div. 1056.) In the circumstances, I would reverse the order without prejudice to renewal on medical affidavits establishing the causal relation between the accident and the suicide as provided in the order of Special Term granting leave to renew.