* THE STATE, EX REL. CHILDERS, *v.* DELANO ET AL.

37  249
146  372

APPEAL.—*Poor Person.*—*Bond.*—While it is not decided that an appeal may not be allowed from the judgment of a justice of the peace, by the common pleas court, after the lapse of thirty days, when the party has been prevented by poverty and want of friends from perfecting it sooner, still an appeal bond cannot be dispensed with.

APPEAL from the Marion Common Pleas.

WORDEN, C. J.—The State, upon the relation of Childers, sued Delano and his sureties, upon his official bond as a constable, before a justice of the peace of Marion county, and a trial was had of the cause on the 4th of September, 1868, which resulted in a judgment for costs against the plaintiff, and in favor of the defendants in the action.

Afterward, on the 16th of October, 1868, Childers applied to the court of common pleas for an order for the appeal of said cause, on the ground that he was a poor person, and a stranger in the county, whereby he had been rendered unable to give bond and perfect an appeal in the cause. The court made an order that a transcript of the proceedings in the cause before the justice be sent up, and that Childers be allowed to prosecute the cause as a poor person.

Afterward, the transcript having been filed, the parties appeared, and on the defendants' motion, the appeal was dismissed, because no appeal bond had been filed. The dismissal of the appeal is the particular in which error is supposed to have been committed.

We are not prepared to say that an appeal might not be ordered after the expiration of thirty days, where the party, through poverty and the lack of acquaintance with the community, had not been able to perfect it within the time required. 2 G. & H. 597, sec. 68.

But the question is, can an appeal be ordered in favor of a poor person without any bond at all being given?

Bond is required in all cases of appeal, "except in cases where the same is dispensed with by law." We have no

statute which in terms dispenses with an appeal bond in cases like the present. If there is .any. law dispensing with a bond in such case, it is found in construction, and not in the terms of any statute.

The statute providing for the prosecution or defence of suits by poor persons enacts, that "any poor person, not having sufficient means to prosecute or defend an action, may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as a poor person. The court, if satisfied that such person has not sufficient means to prosecute or defend the action, shall admit the applicant to prosecute or defend as a poor person, and shall assign him an attorney to defend or prosecute the cause, and all other officers requisite for the prosecution or defence, who shall do their duty therein without taking any fee or reward therefor from such poor person. 2 G. & H. 44, sec. 15.

This statute does not, as we think, dispense with a bond. It simply provides the party with attorneys and other officers requisite for the prosecution or defence of his suit, who are to serve him without fee or reward. It does not furnish officers or witnesses to serve the other party without fee or reward; and if the opposite party recover in the action, he is entitled to recover his costs of the poor *person*. The poor person is not exempt from the payment of whatever judgment the other party may recover against him, whether for costs or otherwise; and this he is required to do by the conditions of the appeal bond.

We are of opinion that the court committed no error in dismissing the appeal for the reason given.

The judgment is affirmed, with costs.

*D. V. Burns* and *V. Carter*, for appellant.

*N. B. Taylor,* for appellees.