T. E. HYATTE, Respondent, v. J. A. WHEELER et al., Appellant.

St. Louis Court of Appeals, April 14, 1903.

Justice of the Peace: THE NECESSITY OF APPEAL BOND, ABSOLUTE. A party suing in *forma pauperis* before a justice of the peace, is not entitled to an appeal from a judgment against him in that court, without entering into a sufficient appeal bond as required by statute, or giving such bond in the circuit court at the proper time, and unless such statutory condition is complied with, the cause should be dismissed.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REMANDED *(conditionally)*.

*Faris & Oliver* for appellant.

(1) Under the law no appeal from a judgment rendered in the court of a justice of the peace can be

taken without an affidavit and recognizance for appeal, and unless the bond is filed either before the justice of the peace or in the circuit court, pending a motion to dismiss for want of such recognizance, the circuit court nor this court acquires no jurisdiction. R. S. 1899, secs. 4060, 4072; Devore v. Staeckler, 49 Mo. App. 547; Moulder v. Anderson, 63 Mo. App. 34. (2) The mere fact that the law allows a party, upon a proper showing to sue as a poor person, either in the court of a justice of the peace or the circuit court, does not contemplate nor intend that such person can appeal his cause of action to superior courts, *ad infinitum*, without securing the costs accruing therein by an appeal recognizance, after such person had had his day in court, and received a hearing of his complaint. Ostrander v. Harper, 14 How. Pr. (N. Y.) 16; Morse v. Troy, 38 Hun (N. Y.) 301; State v. Delano, 37 Ind. 249; Wheatley v. Hochkiss, 1 Sprague (U. S.) 225.

REYBURN, J.—This action was brought on an account before a justice of the peace, who rendered judgment for defendants, whereupon the plaintiff appealed to the circuit court of Pemiscot county. It is conceded by appellants that respondent filed proper affidavit for appeal from the judgment rendered by the magistrate, but by the latter, respondent had been permitted to prosecute his suit *in forma pauperis* and no bond for appeal to the circuit court was exacted. Appellants moved to dismiss in the circuit court for failure by plaintiff to execute and file an appeal bond before the justice, but the motion was overruled; a jury being waived, trial was had before the court, which rendered judgment for plaintiff. Appellants filed motions for new trial and in arrest of judgment, incorporating in both the ground that the appeal from the justice's court was improperly taken and that the motion to dismiss should have been sustained.

The sections of the Revised Statutes governing ap-

peals from judgments of justices of the peace to the circuit courts are as follows: section 4060 recites as one of the requisites to perfect such appeal, that appellant or some person for him, together with at least one solvent surety to be approved by the justice, must within the period fixed, enter into a recognizance before the justice to the opposite party in an amount sufficient to secure the payment of the judgment and costs, conditioned for prosecution of the appeal with due diligence and payment of the judgment that may be rendered against him in the appellate court or if appeal be dismissed, payment of the judgment rendered by the justice with costs. Section 4061 specifically gives the form of such appeal bond. Section 4072 provides that no appeal should be dismissed for want of a bond, or by reason of its insufficiency or defectiveness, if appellant or some one on his behalf before the determination of the motion to dismiss will in the appellate court enter into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs incurred by reason of such defect or omission. Provision is made for the prosecution of a suit as a poor person in justices' courts by section 3871 which empowers the justice in his discretion before or after the commencement of an action, if he be satisfied that plaintiff is a poor person and unable to pay the costs and expenses of suit, to permit plaintiff to prosecute such action without requiring security for costs. In all cases of appeal from one court to another, before the jurisdiction of the appellate court attaches, it is essential that the appeal was taken in the manner prescribed by law. A literal compliance with the requirements of the statute is the only mode by which the appellate tribunal can acquire jurisdiction of the subject-matter of the former trial. The decision of the inferior court is final, unless reopened according to law. Robinson v. Walker, 45 Mo. 117; Green v. Castello, 35 Mo. App. 127; Devore v. Staeckler, 49 Mo. App. 547.

The statute in unequivocal terms has made the execution of a bond a requisite step in perfecting an appeal from a justice of the peace, with the further provision in the subsequent section above alluded of permitting such bond to be given in the circuit court under the conditions therein named. The right conferred under the statutory authority by the justice in the exercise of his discretion, upon a plaintiff to prosecute an action as a poor person and without securing the costs of suit relates to the trial in the magistrate's court, and nowhere in the statutory provisions is found any authority for exemption of a plaintiff suing *in forma pauperis* from compliance with any of the requirements preliminary to appeal to the circuit court. The opinion of this court on the motion for rehearing in the case above cited, is directly in point: "We may add, however, that leave to prosecute as a poor person can in no way dispense with the necessity of giving bond where the duty of giving bond is statutory. The court can not dispense with the statute." 37 Mo. App. 135. In Indiana, the question here submitted was presented for determination, and it was held that an appeal bond was not dispensed with by the broad statutory enactment that "any poor person not having sufficient means to prosecute or defend an action may apply to the court in which the action is intended to be brought or is pending, for leave to prosecute or defend as a poor person. The court if satisfied that such person has not sufficient means to prosecute or defend the action shall admit the applicant to prosecute or defend as a poor person and shall assign him an attorney," etc. State ex rel. Childers v. Delano, 37 Ind. 249, approved in Harrison v. Stanton, 146 Ind. 366. In the State of New York, it has been held that the privilege of litigating as a poor person does not apply to an appeal taken by such litigant. Ostrander v. Harper, 14 How. Pr. 16; Morse v. City of Troy, 38 Hun 301.

The trial court, therefore, erred in overruling ap-

pellants' motion to dismiss, and the cause is remanded to permit respondent to avail himself, if he see fit, of the right conferred on him by section 4072 of the Revised Statutes, otherwise the cause should be dismissed for want of jurisdiction. All concur.