[No. 3104.]

FERRARA v. THE AURIC MINING COMPANY.

1. **Appellate Practice—Costs—Application to Sue as Poor Person.**
   The ruling of the supreme court that section 676, Mills' Ann. Stats., permitting courts in certain cases to allow parties to sue as poor persons is not applicable to that court, is equally applicable to the court of appeals.

2. **Same.**
   If section 676, Mills' Ann. Stats., permitting courts in certain cases to allow parties to sue as poor persons were applicable to the court of appeals, it leaves the granting of an application to sue as such poor person to the discretion of the court.

*Error to the District Court of Pueblo County on Motion to Require Cost Bond, and Cross Motion to Sue In Forma Pauperis.*

Mr. M. J. GALLIGAN, for plaintiff in error.

Messrs. WOLCOTT, VAILE & WATERMAN, specially appearing for defendant in error.

GUNTER, J.

Defendant in error moved the court to require of plaintiff in error a cost bond. Plaintiff in error confessed the motion, and filed a cross motion for leave to sue as a poor person. The cause has been submitted upon plaintiff in error's motion.

Such applications have been repeatedly ruled upon in our supreme court. While there are no reported decisions of the rulings the holding of that court has frequently and uniformly been that sec. 676, 1 Mills' Ann. Stats., permitting courts in certain cases to allow parties to sue as poor persons does not apply to that court. The ruling is equally applicable to this court. A thorough consideration of the question presented by this motion would involve a construction of the above section of our statutes, and, perhaps, the treaty between our country and the Kingdom of Italy. It would further, perhaps, involve a decision of the question going to the vitals of this case. We do not desire to commit ourselves on such vital question at the threshold of the case and before we have had the full aid of counsel, which we will not have before the filing of the final briefs herein.

Section 676, *supra,* if applicable to our court, leaves to our discretion the granting of applications to sue as a poor person. Either the exercise of this discretion, if the section be applicable to our court, or acting in obedience to the unreported practice of

the supreme court as it now obtains, is a sufficient reason for denying the motion.

The motion to sue as a poor person is denied without intimating any opinion upon the vital question involved in the case. It is further ordered that a cost bond be filed as required by sec. 674, 1 Mills' Ann. Stats., the sufficiency of the surety on the bond to be approved by the district clerk of Pueblo county, Colorado, such bond to be filed in this court within thirty days from this date.