JAMES GEORGE, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 13, 1912.

JUSTICE COURTS: Appeal and Error. Plaintiff obtained judgment in a justice court. Defendant filed an affidavit for appeal, but no bond. The appeal was allowed and plaintiff filed a motion to dismiss in the circuit court which was sustained, defendant claiming that it was excused from giving a bond because its property was in the hands of receivers. *Held*, that the law recognizes no excuse and the motion was properly sustained.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

·AFFIRMED.

*John H. Lucas* and *Charles N. Sadler* for appellant.

(1) The circuit court erred in dismissing the appeal of appellant from the justice of the peace. R. S. 1909, sec. 7579; Drake v. Gorrell, 127 Mo. App. 636; Kraas & Thurman v. Shipp, 69 Mo. App. 46; Hull v. Beard, 80 Mo. App. 200; Bailey v. Kelley, 38 Mo. App. 623; Kermis v. Distilling Co., 79 Mo. App. 114.

*L. A. Laughlin* for respondent.

The claim that defendant had no opportunity given to it, to file a bond, has no foundation in fact. Defendant had from October 12, 1911, the date when the motion to dismiss the appeal was filed, until November 11, 1911, the date the motion was determined, in which to file an appeal bond. When defendant refused to file a bond the court entered the only judgment authorized by the statutes and dismissed the appeal. R. S. 1909, sec. 7580; Pullis v. Pullis, 157 Mo. 565.

JOHNSON, J.—Plaintiff brought an action for damages against defendant on September 21, 1911, before a justice of the peace. A trial was had October 4, 1911, resulting in a verdict and judgment for plaintiff. October 6, 1911, defendant filed an affidavit for appeal to the circuit court but filed no appeal bond and on that date the justice allowed the appeal. October 12, 1911, and after the cause had been transmitted to the circuit court, plaintiff filed a motion to dismiss the appeal on the ground that defendant had failed to file an appeal bond.

The motion was heard November 11, 1911, and the only evidence offered by defendant was an affidavit to the effect that on June 11, 1911, a United States Court in an action pending therein appointed receivers who under the order of appointment took possession of all of the assets of defendant and had them in their possession at the time of the taking of the appeal and of the hearing of the motion, and that on account of the receivership it was impossible for defendant to give an appeal bond. Defendant did not tender or even offer to give a bond and the court sustained the motion to dismiss on the ground that "the defendant gave no appeal bond." Defendant appealed to this court from that judgment.

The statutes require a resident appellant to file his affidavit and bond for appeal within ten days after the judgment was rendered against him in the justice court. [Section 7567 *et seq.*, Revised Statutes 1909.] But section 7580 provides: "No appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance given is defective or insufficient, if the appellant or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required, or enter into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defect or omission, with respect to such affidavit or recognizance."

As the affidavit was filed and the order allowing the appeal was made within ten days after the judgment was rendered, the circuit court, under the express provision of section 7580 acquired jurisdiction of the case. [See Clapper v. Bradshaw, decided at this term, and cases cited.] But the fact that the cause became lodged in the circuit court did not relieve defendant from the necessity of complying with the imperative statutory command to give a sufficient appeal bond. The legislative intent expressed in section 7580 is that an appellant shall not be cast out of the circuit court on account of an innocent blunder committed in an inferior court where technical accuracy is not to be expected but that the appellant must rectify the blunder before he shall be allowed to proceed in the circuit court. When plaintiff filed his motion to dismiss the appeal on the ground that no bond had been given, the duty devolved on defendant to tender a sufficient bond before the determination of the motion. Instead of performing this plain duty defendant took the position in the circuit court, and occupies the same position here, that its pecuniary distress absolved it from compliance with the statutes. The statute recog-

nizes no excuse. A person allowed to sue as a poor person in the justice court cannot perfect an appeal to the circuit court without giving the statutory bond before the motion to dismiss the appeal is determined (Hyatt v. Wheeler, 101 Mo. App. 357), and neither can a corporation discredited by a receivership escape compliance with the statute. The right to an appeal is purely statutory and since defendant did not comply with the statute, the circuit court could not have done otherwise than dismiss the appeal.

The judgment is affirmed. All concur.