## GRAHAM v. SPARLAN.

No. 2496. Opinion Filed January 7, 1913.

(129 Pac. 738.)

**JUSTICES OF THE PEACE—Appeal—Failure to File Bond.** G. sued A. in the justice of the peace court, filing therein an affidavit in forma pauperis, in lieu of a cost bond. Judgment was entered against G., and she sought an appeal to the county court, without giving an appeal bond, relying on the affidavit in forma pauperis as a substitute therefor. The appeal was dismissed by the county court, and she brings error. Held, there was no error in the order of dismissal. An appeal being purely a statutory privilege, litigants must bring themselves clearly within the requirements of the statute regulating the subject.

(Syllabus by Robertson, C.)

*Error from Comanche County Court;*

*J. H. Wolverton, Judge.*

Action by Joanna Graham against A. Sparlan. Judgment for defendant before a justice, and from an order of the county court dismissing her appeal, plaintiff brings error. Affirmed.

*Moore & Hughes,* for plaintiff in error.

*J. A. Diffendaffer,* for defendant in error.

Opinion by ROBERTSON, C. Joanna Graham sued A. Sparlan for damages in the justice of the peace court. Judgment was for the defendant. Plaintiff sought an appeal to the county court, and in lieu of an appeal bond filed an affidavit *in forma pauperis*. Appellee moved to dismiss the appeal, on the ground that no appeal bond had been filed, as required by statute. The motion to dismiss was sustained, and plaintiff brings error. Appellant contends that she may have an appeal without filing an appeal bond, if, in lieu thereof, she files, as she has done in this case, an affidavit *in forma pauperis*.

An appeal from a judgment of a justice of the peace to the county court is purely a statutory privilege, and in order to obtain that privilege a litigant must bring himself clearly within the requirements of the statute regulating the subject.

"Where no bond is given, no right to an appeal exists, and no such right can be acquired in the absence of a bond. The jurisdiction of the cause is in the court rendering the judgment, and such jurisdiction cannot be transferred to the district court, unless an appeal bond be executed and approved by the justice who rendered the judgment. There is an exception to this rule in favor of municipalities, but such exception has no application here." (*Vowell v. Taylor et al.*, 8 Okla. 625, 58 Pac. 944.)

See, also, *Wagstaff v. Challiss*, 31 Kan. 212, 1 Pac. 631; *Beckwith v. Railroad Co.*, 28 Kan. 484; *Dowell v. Caruthers*, 26 Kan. 720; *Railway Co. v. Morse*, 50 Kan. 99, 31 Pac. 676. These cases are cited to show that the jurisdiction of the appellate court depends upon the giving of an appeal bond.

Unless there is provision made by statute for the substitution of an affidavit *in forma pauperis* for an appeal bond, in such cases as the one at bar, no appeal by such method can be had. The only expression in our statute relative to appeals from justices of the peace is found in article 9, c. 88, Comp. Laws 1909; section 6387 thereof reading as follows:

"The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety to be approved by such justice in a sum not less than fifty dollars, in any case, nor less than double the amount of the judgment and costs, conditioned, first, that the appellant will prosecute the appeal to ef-

fect and without unnecessary delay; and, second, that if judgment be rendered against him on appeal, he will satisfy such judgment and costs. Said undertaking need not be signed by appellant: Provided, that when any municipality desires to appeal, no bond shall be required, and it shall be sufficient to perfect any such appeal if the appellant shall, within ten days after the rendition of the judgment, cause to be filed with the justice of the peace a statement in writing that appellant does appeal from such judgment to the district court, and 'file an affidavit setting forth the appeal is not taken for vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment.' "

It is thus seen that no provision for an appeal by affidavit *in forma pauperis* is made by statute.

In 2 Cyc. 844, it is said:

"The fact of poverty does not, of itself, relieve an appellant of the necessity of giving an appeal bond; but there must be express statutory authority for an appeal *in forma pauperis.*"

In many states statutes have been enacted expressly providing and permitting an appeal *in forma pauperis,* but there is no such statute in Oklahoma. So, also, has Congress, by statute, authorized the bringing of actions by poor persons in the federal courts, with the right to "prosecute to conclusion"; and in some of the federal appellate courts it has been held that this authorizes an appeal without bond.

The cases authorizing such an appeal, cited in the brief of counsel for plaintiff in error, are all from jurisdictions having a statute authorizing such appeals, and hence can have no application to the case under consideration. Plaintiff in error could have brought her action originally in either the county court, or in the district court, without a cost bond, by making the necessary affidavit. It is the policy of the law to give to every person, rich or poor, his day in court, and to furnish a remedy for every legal wrong; but it is not the policy of the state to furnish free appeals through all the courts. One free trial, in any court, is guaranteed to all who, on account of poverty, are unable to furnish security for costs. The statute makes no provision for appeals, except to municipalities, without an appeal bond. If such appeals are

to be allowed, the Legislature, and not the courts, must provide therefor.

The judgment of the county court of Comanche county should therefore be affirmed.

By the Court: It is so ordered.