No. 11,203.

SPAIN v. MURRY.

Decided April 6, 1925.

On appeal from justice to county court. Appeal allowed.

*Reversed.*

*On Application for Supersedeas.*

1. APPEALS—*Justice to County Court—Bond.* Failure to enter into and file a proper bond on appeal from justice to county court gives the latter court no jurisdiction, and the appeal should be dismissed.

2. JUSTICE OF THE PEACE—*Prosecution as Poor Person.* Section 6592, C. L. '21 permitting prosecution of action as a poor person, does not apply to appeals from justice to county courts.

*Error to the County Court of Gunnison County, Hon. Sprigg Shackleford, Judge.*

Messrs. NOURSE & HOGAN, for plaintiff in error.

Mr. GEORGE A. SHIPLEY, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is a case which was originally instituted in a justice court in Gunnison county. There was, in that court, a judgment for defendant, W. S. Spain, and the costs were taxed against the plaintiff, Joe Murry. The plaintiff then attempted to take an appeal to the county court. He paid no costs, but filed an affidavit with the justice of the peace wherein he alleged that he is a poor person. It is stated

in the briefs, though it does not appear in the record, that a similar affidavit was filed in the county court. The record shows that the county court permitted plaintiff to prosecute an appeal from the justice court without filing any bond, anywhere, or paying any costs. The defendant appeared specially in the county court and filed a motion to dismiss the appeal upon the ground that no bond had been filed and no costs paid. The motion was overruled. Upon trial in the county court there was a judgment for plaintiff. Defendant brings the case here on error, and applies for a supersedeas. Error is assigned to the court's overruling of the motion to dismiss the appeal.

It has been held that the failure to enter into and file the proper bond, on appeal, gives the county court no jurisdiction, and such court should dismiss the appeal either on its own or the appellee's motion. *Horn v. Martin,* 38 Colo. 364, 87 Pac. 1073; *Williams v. Escheman,* 68 Colo. 4, 189 Pac. 28; *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654.

Both sides argue the question whether the statute permitting the prosecution of actions as a poor person applies to appeals from the justice court to the county court, so as to dispense with the necessity of filing any appeal bond or paying any costs or fees. The statute in question is section 6592, C. L. 1921, reading as follows: "If any court shall, before or after the commencement of any suit, be satisfied that the plaintiff is a poor person, and unable to prosecute his or her suit, and pay the costs and expenses thereof, they may in their discretion permit him to commence and prosecute his action as a poor person; and thereupon such person shall have the necessary writs, process, and proceedings, as in other cases, without charge; and if the plaintiff recover judgment, there shall be a judgment for his costs."

In 35 C. J. 757, it is said: "The general rule is that any party desiring to appeal from  *  *  *  a judgment of a justice must give the required security.  *  *  *  In some jurisdictions a person unable to give a bond through poverty may be allowed to appeal upon making the affidavit

required by statute, but in other jurisdictions such practice does not obtain."

In *State ex rel. Childers v. Delano,* 37 Ind. 249, approved in *Harrison v. Stanton,* 146 Ind. 366, 45 N. E. 582, it was held that a broad statutory enactment as to maintaining suits as a poor person would not dispense with an appeal bond in an appeal from a justice court to the next higher court. To the same effect is *Hyatte v. Wheeler,* 101 Mo. App. 357, 73 S. W. 1100.

In *Graham v. Sparlan,* 36 Okla. 641, 129 Pac. 738, the court said: "An appeal from a judgment of a justice of the peace to the county court is purely a statutory privilege, and in order to obtain that privilege a litigant must bring himself clearly within the requirements of the statute regulating the subject. * * * "Plaintiff in error could have brought her action originally * * * without a cost bond, by making the necessary affidavit. It is the policy of the law to give to every person, rich or poor, his day in court, and to furnish a remedy for every legal wrong; but it is not the policy of the state to furnish free appeals through all the courts. One free trial, in any court, is guaranteed to all who, on account of poverty, are unable to furnish security for costs. The statute makes no provision for appeals, except to municipalities, without an appeal bond. If such appeals are to be allowed, the legislature, and not the courts, must provide therefor."

While cases may be found on both sides (3 C. J. 1124), we are in agreement with the cases hereinbefore cited. They are consistent with *Ferrara v. Auric Min. Co.,* 20 Colo. App. 411, 79 Pac. 302, wherein it is stated that the rulings of this court are to the effect that the statute allowing parties to sue as poor persons does not apply to the prosecution of writs of error.

The county court erred in not dismissing the appeal. The judgment is reversed, and the cause remanded with directions to dismiss the appeal.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.