J. T., L. J., L. S., G. D., M. C., P. T., R. P., R. R., R. V., T. B. and S. G., Petitioners,

v.

Honorable Patti F. O'ROURKE, Judge of the District Court In and For the TENTH JUDICIAL DISTRICT, State of Colorado, Respondent.

J. T., L. T. and D. Q., Petitioners,

v.

Honorable Patti F. O'ROURKE, Judge of the District Court, In and For the TENTH JUDICIAL DISTRICT, State of Colorado, Respondent.

Nos. 82SA152–82SA154, 82SA157–82SA164, 82SA151, 82SA155 and 82SA156.

Supreme Court of Colorado,
En Banc.

Sept. 27, 1982.

J. Gregory Walta, Colorado State Public Defender, Patricia R. Salazar, Deputy State Public Defender, Pueblo, for petitioners.

John J. Keilbach, Pueblo, for petitioner, S. G.

G. F. Sandstrom, Dist. Atty., Matthew Martin, Deputy Dist. Atty., Pueblo, for respondent.

Allen, Foreman & Mueller, Mary G. Allen, Denver, for amicus curiae, The Colorado Criminal Defense Bar.

ERICKSON, Justice.

We issued a rule to show cause under C.A.R. 21 in fourteen consolidated petitions in which the petitioners contend that the Pueblo District Court erred in denying their motions for a preliminary hearing because they were not detained pending their adjudicatory hearings. We now make the rule to show cause absolute in *J. T. v. O'Rourke* (S.Ct. No. 82SA152); *L. J. v. O'Rourke; L. S. v. O'Rourke; G. D. v. O'Rourke; M. C. v. O'Rourke; P. T. v. O'Rourke; R. P. v. O'Rourke; R. R. v. O'Rourke; R. V. v. O'Rourke; S. G. v. O'Rourke;* and *T. B. v. O'Rourke;* and discharge the rule in *J. T. v. O'Rourke* (S.Ct. No. 82SA151); *L. T. v. O'Rourke;* and *D. Q. v. O'Rourke.*

I.

The facts in *J. T. v. O'Rourke,* S.Ct. No. 82SA151, are similar to those in the other consolidated cases and provide a factual explanation of the proceedings before us. On September 17, 1981, a delinquency petition was filed in Pueblo District Court against J. T. alleging one count of theft under fifty dollars, in violation of section 18–4–401, C.R.S.1973 (now in 1978 Repl.Vol. 8). J. T. was served with a summons and delinquency petition, and the district court subsequently appointed counsel for J. T. J. T. was not detained pending an adjudicatory hearing, but was released to the custody of his mother after she signed a "promise to appear." On November 16, 1981, J. T. filed a motion for a preliminary hearing in the district court. Pursuant to stipulation, his motion for a preliminary hearing was taken under advisement and was to be determined with similar motions which were filed in the other consolidated cases. On March 9, 1982, the district court denied the motions. The district court declared that a preliminary hearing for non-detained juveniles is neither contemplated by the Colorado Rules of Juvenile Procedure (C.R.J.P.) nor required by the United States or Colorado Constitutions.

In our view, a juvenile who is detained is entitled to a preliminary hearing by constitutional mandate. *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The right to a preliminary hearing in all other instances is based upon interpretation of the Colorado Children's Code, title 19, C.R.S.1973 and the Colorado Rules of Juvenile Procedure. Section 19–3–101(1)(d), C.R.S.1973 (now in 1978 Repl.Vol. 8) of the Code, when read in conjunction with C.R.J.P. 1, determines the availability of the preliminary hearing. We now hold that juveniles charged in delinquency proceedings with crimes (felonies and class 1 misdemeanors) subject to Colorado Rules of Criminal Procedure (Crim.P.) 5 and 7 [1] are

1. Crim.P. 5 provides in part as follows:

"(a)(2) Appearance Before the Court. At the first appearance of the defendant in court, it is the duty of the judge to inform the

accused of and make certain that he understands the following:"

\* \* \* \* \* \*

"(VIII) He has the right to demand and receive a preliminary hearing within a rea-

entitled to a preliminary hearing. We now hold that juveniles held on lesser charges are not granted a right to a preliminary hearing by statute or by rule.

## II.

### A.

■■■ This case involves the interpretation of procedural provisions of both the Colorado Children's Code and the Colorado Rules of Juvenile Procedure. The procedural guidelines for the juvenile system present no conflicts between the judiciary's rulemaking power and the General Assembly's lawmaking power. The Colorado Children's Code reflects a legislative judgment concerning the manner in which juvenile defendants should be treated. The Colorado Rules of Juvenile Procedure reflect this court's judgment concerning the manner in which juvenile courts should proceed in applying the Code. We take this opportunity

sonable time to determine whether probable cause exists to believe that the offense charged was committed by the defendant."

\* \* \* \* \* \*

"(4) Preliminary Hearing-Procedures. Every person accused of a *felony* in a felony complaint has the right to demand and receive a preliminary hearing to determine whether probable cause exists to believe that the offense charged in the felony complaint was committed by the defendant." (Emphasis added.)

\* \* \* \* \* \*

"(c)(2) Appearance Before the Court. [I]n the event that the accused is charged with a *class 1 misdemeanor,* he has the right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged was committed by the defendant." (Emphasis added.)

A similar procedure for a preliminary hearing in the district court is set forth in Crim.P. 7:

"(h) *Preliminary Hearing.*

"(1) In cases in which a direct information was filed pursuant to Rule 7(c), either the defendant or the prosecuting attorney may file a written motion requesting a preliminary hearing to determine whether probable cause exists to believe that the offense charged in the information has been committed by the defendant. The motion may be filed even though a preliminary hearing in the county court has been held on the same charge pursuant to Rule 5(a)(4) if the information is filed despite a finding of no probable cause.

to reconcile the Code with the Rules. To ensure compliance with the substantive provisions of the Code, the General Assembly directed the juvenile courts to observe certain procedural formalities in section 19–3–101(1)(d). Section 19–3–101(1)(d) allows juvenile courts to make a preliminary determination that jurisdiction is proper:

"(d) After the filing of a petition alleging that the child is within the court's jurisdiction, as provided in section 19–1–104(1)(a), the court *may* conduct a preliminary hearing to determine if there is probable cause to believe that the facts alleged in the petition bring the child within the court's jurisdiction." (Emphasis added.)

When the General Assembly drafted this statute it recognized that our constitutional rulemaking power authorizes us to determine what procedural requirements are necessary under the Children's Code.[2] The

The motion shall be filed prior to plea and shall be presented together with any motions filed pursuant to Rule 12(b). The trial court may permit a motion requesting a preliminary hearing to be filed after a plea only upon a showing of good and sufficient cause. No motion requesting a preliminary hearing may be filed in a case which is to be tried upon indictment."

2. The Colorado Constitution expressly grants rulemaking power to the Supreme Court. Art. VI, Sec. 21 provides:

"Rule-making power. The supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases, . . . . ."

Under this section the Supreme Court may promulgate procedural rules, though a determination must still be made whether a particular rule or statute is substantive or procedural. *People v. McKenna,* 199 Colo. 452, 611 P.2d 574 (1980).

The General Assembly is free to fashion substantive rules which reflect policy judgments that may affect procedures in the judicial system. The line that separates a substantive rule from a procedural rule is amorphous; no legal test has been uniformly adopted. *People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978); *see also* Peterson, *Rule Making in Colorado: An Unheralded Crisis in Procedural Reform,* 38 U.Colo.L.Rev. 137 (1965). Often a statute presents a mixed question of substance and

discretionary language of section 19–3–101(1)(d) recognizes that we will promulgate rules of procedure which are necessary.

We acted within this authority when we promulgated C.R.J.P. 1 and made some of the Colorado Rules of Criminal Procedure applicable to juvenile proceedings:

"Rule 1. Scope

"These rules govern proceedings brought in the juvenile court under Title 19, C.R.S.1973, as amended, also hereinafter referred to as the Children's Code, except that adult proceedings under section 19–3–119, C.R.S.1973, shall be conducted according to the Colorado Rules of Criminal Procedure. Proceedings are civil and where not governed by these rules or the procedures set forth in Title 19, C.R.S.1973, as amended, shall be conducted according to the Colorado Rules of Civil Procedure. Proceedings in delinquency shall be conducted in accordance with the Colorado Rules of Criminal Procedure except as otherwise provided by statute or by these rules."

The Rule specifically provides that juvenile defendants will receive the same procedural rights as adult defendants when neither statute nor rule provides otherwise. Accordingly, section 19–3–101(1)(d) should be read against the procedural background provided by C.R.J.P. 1.

■ The discretionary language of section 19–3–101(1)(d) recognizes that juvenile courts will proceed in compliance with rules of juvenile procedure promulgated by this court. The statute grants the juvenile

court discretion to conduct a preliminary hearing to determine if there is probable cause to believe that the court has jurisdiction over the juvenile suspect. It grants the court exclusive original jurisdiction over delinquent children, section 19–1–104(1)(a), C.R.S.1973 (now in 1978 Repl.Vol. 8).[3] Part of the jurisdictional requirement of section 19–1–104(1)(a) is that the allegedly delinquent child has violated any federal or state laws, or municipal ordinances.[4] A preliminary inquiry held to determine facts of jurisdiction will necessarily determine if there is probable cause to believe that the suspect has committed the acts with which he is charged. Section 19–3–101(1)(d) therefore gives the juvenile courts limited discretion to conduct a preliminary hearing on the issue of probable cause to charge a juvenile suspect.

■ The juvenile court's discretion, however, must yield to the dictates of C.R.J.P. 1 which incorporates the provisions of Crim.P. 5 and 7. Under Crim.P. 5 and 7, persons charged with committing a class 1 misdemeanor or a felony have a right to a preliminary hearing to determine probable cause. When we made juvenile delinquency proceedings subject to the rules of criminal procedure we recognized that, in some instances, juveniles should have the same procedural rights as adults. We believe that the rules of criminal procedure, as applied through C.R.J.P. 1, give juveniles charged in delinquency proceedings with committing felonies or class 1 misdemeanors (which we designate as "serious offenses") the same procedural rights as adults.

procedure. The court is free to consider and evaluate procedural enactments of the General Assembly; though, in cases of conflict, the court's procedural rule would necessarily control a procedural statute. *People v. McKenna, supra. See also Kolkman v. People,* 89 Colo. 8, 300 P. 575 (1931); *Walton v. Walton,* 86 Colo. 1, 278 P. 780 (1929); *Colo.Const.,* Art. III and Art. VI, Sec. 21.

3. Section 19–1–104(1)(a) provides:

"(1) Except as otherwise provided by law, the juvenile court shall have exclusive original jurisdiction in proceedings:

(a) Concerning any delinquent child, as defined in section 19–1–103(2) [definition of

"adult" and "child"] and (9) [definition of "delinquent child"], but concerning a delinquent child as defined in section 19–1–103(9)(c) ["delinquent child" includes some juvenile traffic offenders], the court may refuse to accept jurisdiction in the case;"

4. Section 19–1–104(1)(a) requires that the court make a finding that the cause of action involves a "delinquent child." A delinquent child is, *inter alia,* any child ten years of age or older who has violated any federal or state laws or municipal ordinances. Section 19–1–103(9) C.R.S.1973.

In cases where the juvenile is charged with the commission of an act which, if committed by an adult, would be a felony or class 1 misdemeanor, the juvenile court must grant a preliminary hearing in accordance with C.R.J.P. 1. Where, however, the juvenile is charged with the commission of an act which, if committed by an adult, would not constitute a felony or a class 1 misdemeanor, then a preliminary hearing is not to be held. With less serious charges, other considerations of the juvenile system prompt us to avoid the adversarial atmosphere found in the preliminary hearing.[5] If the juvenile is charged with a less serious offense, but is detained pursuant to order of court, a probable cause hearing is mandated by *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), as we recognize in this opinion.

### B.

J. T. also contends that the right to a preliminary hearing for non-detained juveniles not charged in delinquency proceedings with a class 1 misdemeanor or felony is required by the due process clauses in the United States and Colorado Constitutions. *U.S.Const.* amend. XIV; *Colo.Const.* Art. II, sec. 25. We disagree.

The United States Supreme Court has held that the adjudicatory hearing in juvenile delinquency proceedings "must measure up to the essentials of due process and fair treatment." *In re Gault,* 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527, 548 (1967). The Court recognized that where delinquency proceedings may lead to a commitment to a state institution, the following specific rights are essential to due process of law: (1) written notice of the specific charge or factual allegations, given to the child and his parents or guardian sufficiently in advance of the hearing to permit prep-

aration; (2) notification to the child and his parents of the child's right to be represented by counsel retained by them or, if they are unable to afford a lawyer, that one will be appointed to represent the child; (3) the right to be free from compulsory self-incrimination; and (4) the right to confront and cross-examine witnesses against the child. *Id.* The specific procedures in section 19–2–102, C.R.S.1973 (1978 Repl.Vol. 8) grant to juveniles all that is required under the due process clauses of the United States and the Colorado Constitutions.

Moreover, in *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court held that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to an extended restraint on liberty following an arrest. *See, e.g., Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978) (interstate extradition of criminal suspects); *United States ex rel. Martin v. Strasburg,* 513 F.Supp. 691 (S.D. N.Y.1981) (detention of juvenile suspect on the grounds that, if released, he will commit additional crimes); *Dommer v. Hatcher,* 427 F.Supp. 1040 (N.D.Ind.1977) (detention of uncharged suspects in excess of twenty-four hours for questioning). The sole issue in the preliminary hearing is whether there is probable cause for detaining the arrested person pending further proceedings. *Gerstein v. Pugh, supra.* A probable cause determination is not, however, a constitutional prerequisite to the charging decision; it is required only for those suspects who suffer restraints on their liberty other than the condition that they appear for trial. *Id.* at note 26. Therefore, absent a restraint on liberty or unless the juvenile is charged with committing a serious offense, delinquency proceedings may be maintained for non-detained juveniles without a prelimi-

---

5. The juvenile system is premised on the concept that a more informal, simple, and speedy judicial setting will best serve the needs and welfare of juvenile defendants. *See* section 19–1–102, C.R.S.1973 (1978 Repl.Vol. 8); C.R. J.P. 2. A separate juvenile system was formed to delay placement of juveniles into the formal machinery of the judicial system. Informal and

personal attention may also serve better to rehabilitate and deter children than the adult system. The designs of the juvenile system, however, must be tempered with procedural rules which recognize that children who commit serious offenses may need to be treated differently than other juveniles.

nary finding of probable cause. *See United States v. Yellow Freight Systems, Inc.,* 637 F.2d 1248 (9th Cir. 1980), *cert. denied,* 454 U.S. 815, 102 S.Ct. 91, 70 L.Ed.2d 84 (1981).

### C.

Petitioners assert that the district court denied them equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article II, section 25 of the Colorado Constitution because adult defendants who are charged with a felony are entitled to a preliminary hearing, whereas juveniles charged with committing a similar offense do not receive a preliminary hearing. Because we hold that C.R.J.P. 1, by incorporating Crim.P. 5 and 7, grants juveniles charged with committing serious offenses the same rights to a preliminary hearing that is afforded to adults, the argument is moot.

■■■■■ Petitioners also claim that they were denied equal protection of the laws because detained juveniles are entitled to a preliminary hearing while non-detained juveniles are not so entitled. Furthermore, juveniles charged with committing serious offenses are being treated differently than juveniles charged with committing other offenses. *See supra* section II.A. The right to equal protection of the laws guarantees that all parties who are similarly situated receive like treatment by the law. *People v. Childs,* 199 Colo. 436, 610 P.2d 101 (1980). Since a preliminary hearing to determine probable cause is not a fundamental right for juveniles who do not suffer a restraint on liberty pending an adjudicatory hearing, *see supra Gerstein v. Pugh,* the test to be applied to determine whether equal protection standards have been violated is whether the classification is reasonable and bears a rational relationship to legitimate state objectives. *People v. McKnight,* Colo., 617 P.2d 1178 (1980).

■■■■ Distinguishing between detained and non-detained juvenile suspects for the purpose of determining whether a preliminary hearing is required is a reasonable distinction in view of the emphasis in *Gerstein v. Pugh, supra,* that the restraint on liberty is the appropriate distinguishing characteristic to determine whether a preliminary hearing is constitutionally required.

■■■■ Likewise, the distinction between juveniles charged with committing serious offenses and juveniles charged with committing other offenses is rational. The commission of a serious offense increases the likelihood that the juvenile will be committed to the department of institutions for a period not to exceed two years, section 19–3–114(3)(b) (1981 Supp.). Also, the courts may transfer these juveniles charged with felony offenses to the adult system, section 19–1–104 (now in 1978 Repl.Vol. 8), where they will be treated the same as any other adult defendant. A preliminary hearing in these cases may speed up the adjudicatory process and simplify future proceedings by avoiding duplication. Distinguishing juveniles charged with lesser crimes is rational because it furthers the valid governmental purposes of simplicity in juvenile procedure, C.R.J.P. 2, and maintaining a separate juvenile system. *See McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). In addition, it is rational to provide a less formal and adversarial setting for certain classes of juvenile suspects, recognizing that the goal of the juvenile system is to provide juveniles "the care and guidance . . . that will best serve [their] welfare and the interests of society." Section 19–1–102(1)(a), C.R.S.1973 (1978 Repl.Vol. 8).

### D.

In summary, we hold that juveniles who are charged in delinquency proceedings with committing a felony or class 1 misdemeanor may, upon request, receive a preliminary hearing to determine probable cause on the charges alleged. We now make the rule to show cause absolute in *J. T. v. O'Rourke* (S.Ct. No. 82SA152); *L. J. v. O'Rourke; L. S. v. O'Rourke; G. D. v. O'Rourke; M. C. v. O'Rourke; P. T. v.*

*O'Rourke; R. P. v. O'Rourke; R. R. v. O'Rourke; R. V. v. O'Rourke; S. G. v. O'Rourke;* and *T. B. v. O'Rourke.* In *J. T. v. O'Rourke* (S.Ct. No. 82SA151); *L. T. v. O'Rourke;* and *D. Q. v. O'Rourke,* we discharge the rule to show cause because the petitioners have not been charged in a delinquency proceeding with committing a felony or a class 1 misdemeanor. The petitions are remanded to juvenile court for disposition in accordance with this opinion.