**R.M. BELL, Petitioner,**

v.

**Dennis SIMPSON and Colorado School of Healing Arts, Respondents.**

**No. 94SC99.**

Supreme Court of Colorado,
En Banc.

July 1, 1996.

Karen S. Renne, Denver, for Petitioner.

Weiner and Schiller, P.C., Richard A. Weiner, Englewood, for Respondents.

Justice KIRSHBAUM delivered the Opinion of the Court.

In this case, the District Court of Jefferson County, Colorado, entered an order dismissing an appeal filed by plaintiff-petitioner R.M. Bell (Bell). Bell sought appellate review of an order of the County Court of Jefferson County, Colorado, dismissing a libel and slander action Bell had filed against defendants-respondents Dennis Simpson and the Colorado School of Healing Arts (the respondents). In the course of dismissing the appeal, the district court concluded, *inter alia*, that Bell, though indigent, was nevertheless required by the provisions of C.R.C.P. 411(a)[1] to post an appeal bond for costs as a condition of his appeal. Having granted Bell's petition for certiorari review of that determination, we reverse and remand with directions.

## I

Bell, appearing without counsel, filed this civil action in the County Court of Jefferson County, Colorado, in November 1993. The complaint contained allegations that the respondents had mailed a letter containing libelous and slanderous statements about Bell and had improperly terminated his participation in a student massage clinic. Bell sought damages for alleged physical and emotional injuries and requested a jury trial. On December 1, 1993, Bell filed an "Application for Indigency Status." The county court reviewed the application with Bell in open court that same day, granted the application, stated that Bell need not pay a fee to obtain a jury trial, and advised Bell to retain an attorney. The case was set for trial on April 11, 1994.

 On January 18, 1994, Bell filed a motion to transfer his case from the county court to the district court, which motion was denied. Bell filed an appeal of the denial of his motion for transfer and in connection therewith filed a motion for leave to proceed in forma pauperis. On January 26, 1994, Bell's motion to proceed in forma pauperis was granted.[2] On January 27, 1994, the district court denied Bell's appeal.

Bell next filed a pleading captioned "Motion for Certiorari" in this court seeking review of the district court's January 27, 1994, order. He also filed a motion requesting permission to proceed in forma pauperis. We granted Bell's motion to proceed in forma pauperis but denied his request for certiorari review of the January 27, 1994, order.

On April 7, 1994, the county court conducted a pretrial conference with respect to this case. Bell initially orally moved for recusal of the trial judge, which motion was denied. The respondents then orally moved for summary judgment against Bell. After reviewing the letter forming the basis for the complaint, the county court granted the motion and entered summary judgment for the respondents and against Bell. The county court also issued a restraining order enjoining Bell, *inter alia*, from going within 500 yards of the respondents and from contacting the respon-

---

1. The appeal bond requirement contained in C.R.C.P. 411(a) mirrors the requirements of § 13–6–311, 6A C.R.S. (1987).

2. The respondents argue that Bell was determined to be indigent only with respect to the appeal of his motion to transfer and therefore that Bell had never been authorized to proceed in forma pauperis by the county court with respect to his libel and slander complaint. However, in the absence of any evidence that Bell's financial status had changed, the order granting Bell's motion to proceed in forma pauperis constituted authorization to so proceed in the county court. In addition, Bell's application for indigency status was granted and signed by the county court on December 1, 1993.

dents or their counsel either in person or by telephone.

On April 8, 1994, Bell filed notices of appeal of the April 7, 1994, judgment in both the county court and the district court. On June 14, 1994, the county court issued a citation ordering Bell to appear before said court to show cause why he should not be held in contempt of court for violation of the April 7, 1994, restraining order. Bell promptly filed a "Motion for Show Cause" and a "Motion for Show Cause, Amended" in the district court requesting, *inter alia*, that the district court stay all pending county court proceedings regarding the contempt citation. On July 11, 1994, the district court denied Bell's motion, stating that "since [Bell] has not filed an appeal bond as required by Rule 411(a)(1), this Court has no jurisdiction to direct a stay of the proceedings in the County Court." The county court ultimately discharged the contempt citation.

In late August of 1994, Bell filed a motion for waiver of appeal bond in the district court, asserting that he was indigent. On September 29, 1994, the district court entered an order denying Bell's motion, in the following pertinent language: "[Bell's] Motion for Waiver of the Appeal Bond is denied. *See Lewis v. Keim,* [883 P.2d 610 (Colo.App. 1994)]." Bell then filed a pleading entitled "Appeal of Denial on Bond Waiver" in this court, requesting relief from the district court's September 29, 1994, order. We deemed that pleading to be a petition for the exercise of original jurisdiction pursuant to C.A.R. 21 and denied it on November 23, 1994.

On December 2, 1994, Bell filed a pleading entitled "Motion for Bond Waiver" in the county court alleging that he previously had been declared indigent by the county court and that his case should be set for trial. The respondents moved to strike Bell's motion, arguing, *inter alia*, that this court's order of

November 23, 1994, denying Bell's petition for the exercise of original jurisdiction constituted an affirmance of the district court's denial of Bell's motion for waiver of appeal bond.[3] The respondents also argued that the portion of Bell's motion requesting that the case be set for trial "ignor[es] the fact that [the county court] has previously entered summary judgment against [Bell] and in favor of [the respondents]...." The parties agree that the county court granted the respondents' motion to strike.[4]

Bell then filed an appeal in the district court of the county court's order striking Bell's motion for waiver of the appeal bond. On January 3, 1995, the district court affirmed the county court's decision. The district court order contains the following pertinent language:

On April 7, 1994, a hearing was held before [the county court]. At the conclusion of the hearing, [the county court] granted Defendant's Motion for Summary Judgment.... The Motion to Strike Plaintiff's Motion for Bond Waiver pointed out the fact of the entry of summary judgment. [The county court] had no alternative but to grant the Motion to Strike.

Mr. Bell has had ample opportunity to have his appeals reviewed, not only by this Court, but also by the Colorado Supreme Court....

IT IS THEREFORE ORDERED:

1. The Appeal of Motion to Strike is denied.

2. This matter is dismissed with prejudice.

The district court thus dismissed all pending matters, including Bell's appeal of the county court's judgment against him on his claims of libel and slander.

Bell subsequently obtained the services of an attorney and filed a petition for relief in

3. The respondents erroneously contend that our denial of Bell's petition to exercise original jurisdiction implies that the issues now raised by Bell "have already been reviewed and addressed" by this court. A decision by this court to exercise original jurisdiction pursuant to C.A.R. 21 is discretionary, *People v. District Court,* 898 P.2d 1058, 1060 (Colo.1995), and is not a substitute for appeal, *Hayes v. District Court,* 854 P.2d

1240, 1243 (Colo.1993). Our denial of Bell's C.A.R. 21 petition did not indicate that we considered the merits of Bell's argument.

4. The county court order granting the respondents' motion to strike is not part of the record on appeal.

the nature of mandamus in this court with respect to the district court's January 3, 1995, order. In view of the fact that Bell was represented by counsel, we ordered Bell to file a new motion to proceed in forma pauperis. He did so, and we granted the motion. In granting Bell's petition, we deemed it to be a petition for certiorari review of the district court's January 3, 1995, order of dismissal.

## II

 Bell argues that the district court erroneously determined that Bell's failure to file an appeal bond for costs pursuant to C.R.C.P. 411(a) prohibits him from prosecuting an appeal of the county court's judgment. Bell contends that the provision requiring the filing of an appeal bond for costs is not applicable to indigent plaintiffs. We agree.

A plaintiff appealing an adverse county court judgment to a district court must post an "appeal bond" to cover the "costs of the appeal" and of any counterclaim.[5] C.R.C.P. 411(a). Rule 411(a) contains the following pertinent language:

(a) **Notice of Appeal; Time for Filing; Bond.** If either party in a civil action believes that the judgment of the county court is in error, that party may appeal to the district court by filing a notice of appeal in the county court within fifteen days after the date of entry of judgment.... The appealing party shall also file within the said fifteen days an appeal bond with the clerk of the county court.... [I]f the appeal is taken by the plaintiff, [the bond] shall be conditioned to pay the costs of the appeal and the counterclaim, if any, and, if the appeal be taken by the defendant, shall be conditioned to pay the costs and judgment if the appealing party fail.... Upon filing of the notice of appeal [and] the posting and approval of the bond ... the county court shall discontinue all further proceedings and recall any execution issued. The appellant shall also, within thirty days after the filing of the notice of appeal, docket the case in the district court and pay the docket fee.

Rule 411(a) does not directly address the question of whether a plaintiff authorized to proceed in forma pauperis in the county court, and thus excused from paying costs associated with county court litigation, must nevertheless post an appeal bond for costs in order to perfect an appeal to the district court from an adverse county court judgment.[6]

 While C.R.C.P. 411(a) contains no express provision concerning indigent litigants, we need not construe a rule of procedure in isolation from relevant legislative direction. This is especially true when the legislative policies are similar to policies reflected by our rules of procedure in general. Such considerations in no way diminish the significance of this court's independent rule-making authority. *See* Colo. Const. art. VI, § 21;

---

5. The respondents did not assert a counterclaim against Bell.

6. An unsuccessful party in a district court civil action granted permission to participate in such litigation in forma pauperis need not post a bond for costs to obtain appellate review of an adverse judgment by an appellate court, as the following pertinent provisions of C.A.R. 12(b) establish:

(b) **Leave to Proceed on Appeal in Forma Pauperis from Trial Court to Appellate Court.** A party to an action in a trial court who desires to proceed on appeal in forma pauperis shall file in the trial court a motion for leave so to proceed, together with an affidavit showing an inability to pay fees and costs or to give security, a belief that the party is entitled to redress, and a statement of the issues which the party intends to present on appeal. If the motion is granted, the party may proceed without further application to the appellate court

and without prepayment of fees or costs in either court or the giving of security....

Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the trial court in forma pauperis ... may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the trial court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to so proceed.... A party proceeding under this subparagraph(b) shall attach a copy of the trial court's order granting or denying leave to proceed in forma pauperis in the trial court with the appendix to the notice of appeal.

The Colorado Appellate Rules apply only to appeals to either the supreme court or the court of appeals. *See* C.A.R. Applicability of Rules ¶ 2. Therefore, C.A.R. 12(b) does not apply to appeals from county court to district court.

*J.T. v. O'Rourke,* 651 P.2d 407, 410 & n. 2 (Colo.1982); *Page v. Clark,* 197 Colo. 306, 318–19, 592 P.2d 792, 800–01 (1979); *People v. McKenna,* 196 Colo. 367, 370–73, 585 P.2d 275, 276–79 (1978).

Section 13–16–103(1), 6A C.R.S. (1995 Supp.), contains the following pertinent provisions:

> **13–16–103. Costs of poor person.** (1) If the judge or justice of any court, including the supreme court, is at any time satisfied that any person is unable to prosecute or defend any civil action or special proceeding because he is a poor person and unable to pay the costs and expenses thereof, the judge or justice, in his discretion, may permit such person to commence and prosecute or defend an action or proceeding without the payment of costs. . . .

In enacting this statute, the General Assembly has established that litigants determined to be indigent may prosecute or defend civil actions without payment of costs. *See Cook v. District Court,* 670 P.2d 758, 760 (Colo. 1983).

■ To be entitled to a waiver of costs pursuant to section 13–16–103(1), 6A C.R.S. (1995 Supp.), a litigant must not only be unable to pay the costs but also must be unable to pay the expenses of the proceeding. *Almarez v. Carpenter,* 173 Colo. 284, 289, 477 P.2d 792, 794 (1970). An illustrative but non-exhaustive list of items includable as "costs" is contained in section 13–16–122, 6A C.R.S. (1987). *See American Water Dev. v. City of Alamosa,* 874 P.2d 352 (Colo.), *cert. denied,* —— U.S. ——, 115 S.Ct. 575, 130 L.Ed.2d 491 (1994). While a court may authorize an indigent litigant to proceed without payment of costs chargeable by the court, a court may not authorize an indigent to avoid payments for such "expenses" as fees for court reporters for transcribing proceedings in a civil case. *Almarez,* 173 Colo. at

289, 477 P.2d at 794; *see Garcia v. Estate of Wilkinson,* 800 P.2d 1380, 1384 (Colo.App. 1990).

In *Almarez,* we determined that the purpose of the "in forma pauperis" statute in effect at the time of that decision [7] was to enforce the guarantee contained in article II, section 6, of the Colorado Constitution that "courts of justice shall be open to every person." *Almarez,* 173 Colo. at 290, 477 P.2d at 792. We there implied that appellate courts as well as trial courts must be available to litigants. *Id.* at 290, 477 P.2d at 795 ("[The plaintiffs] have sought and obtained a waiver of *costs* in the Colorado Court of Appeals, by virtue of the provisions of 33–1–3, which 'opens' that court to them.") (emphasis in original).

■ The right of an unsuccessful plaintiff to appeal an adverse county court judgment to a district court has been established by the General Assembly. § 13–16–110, –111, 6A C.R.S. (1987); *Reed v. Dolan,* 195 Colo. 193, 197, 577 P.2d 284, 287 (1978). In our view, the plain language of section 13–16–103(1) requires a judicial officer of *any* court, trial or appellate, to permit an indigent plaintiff to exercise the statutory right to appeal without payment of costs. It would be at best anomalous if an indigent plaintiff were accorded access to the judicial process without payment of costs for purposes of filing a civil action but denied such access to obtain legislatively provided appellate review of an erroneous trial court judgment. At worst, such a construction of C.R.C.P. 411(a) could undermine the right of access to judicial processes established by the General Assembly in furtherance of article II, section 6, of the Colorado Constitution.[8]

We find nothing in the text or purpose of C.R.C.P. 411(a) to indicate a judicial policy contrary to the legislative policy expressed by section 13–16–103(1). An indigent county

---

7. The statute in effect at the time *Almarez* was decided, 1963 C.R.S. § 33–1–3, is substantially similar to § 13–16–103(1).

8. The parties do not ask us to construe § 13–6–311, 6A C.R.S. (1987), which section is identical to C.R.C.P. 411(a) with respect to the requirement that county court plaintiffs file an appeal bond in order to perfect appeals to the district

court. However, we note that that section must also be construed to allow waiver of the county court plaintiff's appeal bond in order to comport with the purposes furthered by § 13–16–103(1). *See General Elec. Co. v. Niemet,* 866 P.2d 1361, 1364 (Colo.1994) (statutes should be construed to further legislative intent as evidenced by entire statutory scheme).

court plaintiff may file a civil action without payment of costs. *See* § 13–16–103(1); *see also Hawkinson v. Biddle,* 880 P.2d 748, 748 (Colo.1994). Bell was determined on two occasions at the trial level to be indigent. Because he was the plaintiff and because the respondents did not assert any counterclaim, the amount of any appeal bond for costs would be limited to calculations based on filing fees and similar court-imposed charges. In these circumstances, we conclude that Bell was entitled as an indigent plaintiff to file his appeal without posting the appeal bond for costs referred to in C.R.C.P. 411(a).

The respondents rely upon *Lewis v. Keim,* 883 P.2d 610 (Colo.App.1994), in support of their argument that Bell's indigence does not relieve him from the requirement of C.R.C.P. 411(a). In *Lewis,* Colorado residents who initiated a civil action alleging tort claims moved from Colorado to California during the pendency of the action and failed to file a cost bond to comply with the provisions of section 13–16–102, 6A C.R.S. (1987). That statute contains the following pertinent language:

> **13–16–102. Motion to require cost bond.** If such action is commenced without filing such instrument of writing, or if at any time after the commencement of any suit by a resident of this state, he shall become nonresident, or if, in any case, the court is satisfied that any plaintiff is unable to pay the costs of suit, or that he is so unsettled as to endanger the officers of the court with respect to their legal demands, it is the duty of the court, on motion of the defendant or any officer of the court, to rule the plaintiff, on or before the day in such rule named, to give security for the payment of costs in such suit. If such plaintiff neglects or refuses ... to file such instrument, the court, on motion, shall dismiss the suit....

§ 13–16–102, 6A C.R.S. (1987). Section 13–16–101, 6A C.R.S. (1987), to which section 13–16–102 refers, provides that nonresident plaintiffs who file actions in Colorado must post a bond securing payment of "all costs which may accrue in such action either to the opposite party or to any of the officers of such courts...."[9]

In response to a motion filed by the defendants requiring the plaintiffs to file a cost bond, the plaintiffs filed petitions to proceed in forma pauperis pursuant to section 13–16–103(1), and requested the trial court to waive the provisions of section 13–16–102. The trial court denied the plaintiffs' motion and, when they failed to file a cost bond, dismissed the action upon the motion of the defendants.

In affirming the trial court's judgment, a divided court of appeals first held that the requirements of section 13–16–101 were mandatory and could not be waived by trial courts. *Lewis,* 883 P.2d at 611.[10] Noting that the trial court had not determined that the plaintiffs were indigent, the majority nevertheless stated that such a determination pursuant to section 13–16–103(1) would not have affected the trial court's obligation to dismiss the case pursuant to section 13–16–102 because the former statute "only permits the waiver of costs *chargeable by the court*" and does not suspend "[t]he need to pay costs and expenses *to others." Id.* at 612 (emphasis in original). The majority also stated, without citation of authority, that "[s]ecurity required under § 13–16–102 may not be excused or deferred under § 13–16–103(1)." *Lewis,* 883 P.2d at 612.

*Lewis* is distinguishable from the present case. The plaintiffs in *Lewis* were not determined to have been indigent and were nonresidents. Bell is a Colorado resident and was determined to be indigent. Furthermore, *Lewis* does not address the application of the appeal bond for costs required of indigent plaintiffs by C.R.C.P. 411(a). It is also noteworthy that none of the cases relied upon by the *Lewis* majority to support the statement that the provisions of section 13–

---

**9.** The construction of §§ 13–16–101 and –102, applicable to nonresidents, is not directly involved in this case. This court has been called upon to construe these statutes in a pending case, *Wolcott v. District Court,* No. 95SA105 (Colo. filed March 18, 1996).

**10.** The court relied on three Colorado cases for this holding: *In re Marriage of Glickman v. Mesigh,* 200 Colo. 320, 615 P.2d 23 (1980); *Bank of America Nat'l Trust v. Denver Hotel Ass'n,* 830 P.2d 1138 (Colo.App.1992); *In re Marriage of Kronbach,* 757 P.2d 175 (Colo.App.1988).

16–101 can in no circumstances be waived by trial courts involved an *indigent* nonresident plaintiff. *See Lewis,* 883 P.2d at 613–14 (Tursi, J., dissenting).

In *Spain v. Murry,* 77 Colo. 197, 235 P. 338 (1925), we concluded that an indigent plaintiff seeking to appeal an adverse decision rendered by a justice of the peace to the appropriate county court was required to post an appeal bond. *Spain,* 77 Colo. at 199, 235 P. at 339. We approved of four decisions rendered by courts in three other jurisdictions;[11] noted that other courts had reached the opposite conclusion; and emphasized that the statute authorizing suits by indigents, 1921 Compiled Laws of Colorado, ch. 151, § 6592, "did not apply to the prosecution of writs of error." *Spain,* 77 Colo. at 199, 235 P. at 339. We also stated that the cases we cited with approval were consistent with the decision of the Colorado Court of Appeals in *Ferrara v. Auric Mining Co.,* 20 Colo.App. 411, 79 P. 302 (1905), *rev'd on other grounds,* 43 Colo. 496, 95 P. 952 (1908).[12] *Spain,* 77 Colo. at 199, 235 P. at 338.

The statute in effect at the time we decided *Spain* contained the following pertinent provisions:

> If any court shall, before or after the commencement of any suit, be satisfied that the plaintiff is a poor person, and unable to prosecute his or her suit, and pay the costs and expenses thereof, they may in their discretion permit him to commence and prosecute his action as a poor person; and thereupon such person shall have the necessary writs, process, and proceedings, as in other cases, without charge; and if the

plaintiff recover judgment, there shall be a judgment for his costs.

1921 Compiled Laws of Colorado, ch. 151, § 6592. That statute addressed only an indigent's right to prosecute a civil action and, as construed by this court, was inapplicable to proceedings in this state's appellate courts. In contrast, section 13–16–103(1) addresses indigents' rights to defend as well as to prosecute civil actions and is expressly applicable to judges and justices of any court in this state. Neither *Spain* nor *Ferrara* addresses the legislative policy expressed by section 13–16–103.

In sum, we hold that C.R.C.P. 411(a) is consistent with the policy expressed by the General Assembly in section 13–16–103(1). That policy authorizes a plaintiff determined to be indigent to appeal an adverse county court judgment to the appropriate district court without filing an appeal bond for costs. The contrary ruling of the district court must be reversed.

### III

For the foregoing reasons, we reverse the district court's dismissal of Bell's case and remand the case to that court with directions to reinstate the appeal and to conduct further proceedings consistent with this opinion.

---

**11.** *Harrison v. Stanton,* 146 Ind. 366, 45 N.E. 582 (1896); *State ex rel. Childers v. Delano,* 37 Ind. 249 (1871); *Hyatte v. Wheeler,* 101 Mo.App. 357, 73 S.W. 1100 (1903); *Graham v. Sparlan,* 36 Okla. 641, 129 P. 738 (1913).

**12.** The indigence statute in effect at the time of *Ferrara,* 1 Mills Ann. St., ch. 31, § 676 (1905), was identical to the statute we considered in

*Spain.* In concluding that the statute did not apply to appeals from the district court to the court of appeals, the court of appeals stated that we "frequently and uniformly" had held that the statute did not apply to the supreme court, although there were "no reported decisions" of such rulings. *Ferrara,* 20 Colo.App. at 412–13, 79 P. at 302.